THOMAS J. BROCKMAN *et al.*, Plaintiffs in Error, *v.* JOHN B. McDONALD, Administrator, etc., Defendant in Error.

ERROR TO BROWN.

It is not a material variance between a writ and declaration to describe a party as "administrator of the estate of John W. Montague, deceased," in one, and as "administrator (with the last will and testament of John W. Montague, deceased, annexed) of all and singular the goods, etc.," in the other.

It is erroneous to render a judgment against a party who has not been served with process nor declared against.

A judgment against several is a unit, and if erroneous as to one, must be reversed as to all.

THIS cause was heard before MINSHALL, Judge, at October term, 1851, of the Brown Circuit Court.

The plea in abatement set out the variance as stated in the opinion, to which a demurrer was interposed. The proceedings in the court below were commenced against the Brockmans and Joseph Miller. The judgment was rendered in a suit against Thomas S. Brockman, James Brockman and William O. F. Campbell, as defendants. The name of Campbell does not appear anywhere else in the record.

J. GRIMSHAW and J. BAILEY, for Plaintiffs in Error.

WILLIAMS and LAWRENCE, for Defendant in Error.

SCATES, J. Two questions are presented. First, the court sustained a demurrer to a plea in abatement for a variance between the writ and declaration, and we think properly. The writ described the defendant as " administrator of the estate of John W. Montague, deceased," and the declaration as " administrator (with the last will and testament of John W. Montague, deceased, annexed) of all and singular the goods and chattels, rights and credits which were of the said John W. Montague, deceased, at the time of his death." This variance is immaterial. The character and rights of the administrator are the same, and so are the rights and obligations of plaintiffs to him and to the estate. It is but another phraseology to describe the same person or character.

In *Weld* v. *Hubbard*, 11 Ill. 574, the court did not notice the difference between the writ and declaration in this respect, but decided it on the variance in the description of the action.

Second. The question arises from an error in the parties to the final judgment. The suit was instituted against J. & R. S. Brockman and *Joseph Miller*. The record no where shows how

or wherefore Miller disappears and *Campbell* became a party. There is neither summons, service, declaration, or appearance by him. The first we see of him, is in the final judgment rendered against the Brockmans and him. This is clearly erroneous. There is no jurisdiction as to him. The judgment is an entirety—a unit, and must be wholly reversed. *McDonald* v. *Wilkie et al.*, 13 Ill. 22 ; *Smith et al.* v. *Byrd*, 2 Gilm. 412 ; 1 Denio, 537 ; 2 Hill, 333 ; 5 Hill, 441 ; 12 John, 434 ; 2 Gilm. 412 ; 5 Smede & Marsh. 573 ; 8 ibid. 97.

Judgment reversed and cause remanded.

*Judgment reversed.*