Smith's Adm'r v. Rollins.

SMITH'S ADMINISTRATOR, Defendant in Error, v. ROLLINS *et al.*, Plaintiffs in Error.

1. A sheriff made the following return of service of process : " I do hereby certify that I served the within petition and writ on the within named A. B. by delivering a copy to the wife of the said A. B., over sixteen years of age, on this," &c. *Held*, that the return was defective in that it did not appear that the copy was delivered at the usual place of abode of the defendant.

2. The fact that the defendant, A. B., when the cause was called for trial and he was called into court, appeared and objected to the court's proceeding with the cause on the ground that he had not been served with process as required by law, is not such an appearance as would make a judgment by default against him regular.

3. Where there is a defective service of process upon one of several defendants, he is entitled to have a judgment by default against him and his co-defendants jointly set aside. Being an entire thing, it must be set aside as to all the defendants.

*Error to Moniteau Circuit Court.*

This was a suit against David E. G. Rollins and others upon a promissory note for $250. The following is the return of the service of process by the sheriff: " I do hereby certify that I served the within petition and writ on the within named David E. G. Rollins, Alexander R. Nelson, Edwin H. Daggett and William McKissick, by delivering a copy to the said A. R. Nelson, E. H. Daggett and William

McKissick on this 28th day of August, 1856, and by delivering a copy to the wife of the said D. E. G. Rollins, over sixteen years of age, on this 6th day of September, 1856, in Moniteau county. Given under my hand this 8th day of September, 1856. [Signed] Stephen Howard, sheriff Moniteau county, Mo."

At the return term, no answers having been filed in behalf of defendants, a judgment by default was rendered against them. A motion was made in behalf of Rollins to set aside this judgment by default on the ground that there had been no legal service of process upon him, Rollins. The court overruled the motion. It appears from the bill of exceptions that " on the trial of the above entitled cause, at the return term of the writ issued in said cause, when the cause was called for trial, the said defendant Rollins, being called into court, objected to proceeding in said cause because he had not been served with process as required by law; but the court proceeded to render judgment by default in said cause; and thereupon the said defendants filed a motion to set aside said judgment," &c.

*Edwards*, for plaintiffs in error.

I. The return of the sheriff as to the service of the writ did not authorize the court to render judgment against Rollins, and the judgment, being against all the defendants jointly, is void as to all. The service on Rollins is by leaving a copy with his wife; where it was left the sheriff does not state. (See R. C. 1855, p. 1223, § 7.)

*Parsons*, for defendant in error.

I. The co-defendants of Rollins not having filed a motion to set aside the judgment rendered against them, the judgment of the court below must stand against them.

II. The defendant Rollins was in court at the time of the rendition of the judgment; for it appears by the record that after rendering judgment thereupon Rollins moved to set it aside on the same day and at the time it was entered, for the

statement of his motion is a part of the judgment. He made no objections until after judgment rendered.

III. Nothing appearing to show that any error was committed materially affecting the rights of the plaintiffs in error, the judgment ought not to be reversed.

Scott, Judge, delivered the opinion of the court.

The defendant Rollins being impleaded with others, a judgment by default was taken against him on a service of process which was in the words that follow: "I do certify that I served the within petition and writ on the within named David E. G. Rollins by delivering a copy to the wife of the said D. E. G. Rollins, over sixteen years of age, on this 6th day of September, 1856, in Moniteau county." The statute directs (R. C. 1855, p. 1223) that one of the modes of service of a summons shall be by leaving a copy of the petition and writ at the usual place of abode of the defendant, with some white person of the family over the age of fifteen years. It will thus be seen, upon a comparison of the language of the return with that of the statute, that the return is defective in not stating that the copy was left at the usual place of abode of the defendant. This requirement of the law is essential to the validity of the service. A person may be a member of a family and yet a long time absent from the abode of that family, which might prevent the head of it from receiving the notice. Though the defendant was present in court, yet his appearance was not entered on record, and he had a right at the time to object to the judgment by default as he had not been served with process the length of time necessary to entitle the plaintiff to a judgment against him. The case of Whiting & Williams v. Budd, 5 Mo. 443, was correctly decided; but the dictum as to the length of time that should intervene between the appearance and the entry of the judgment by default can hardly be reconciled with the statute, which prescribed the notice a party should have before he should be required to plead an action.

As the judgment was irregularly entered, the defendant had a right to have it set aside without the imposition of any terms. He was not in default—was· seeking no favor from the court; and nothing could be required of him as a condition to the setting aside of the judgment.

There is nothing in the objection that the motion was made in the name of Rollins alone, without the concurrence of the other defendants. This was at most a clerical error, if it was error at all, as the entry responding to the motion would have been in the name of all the defendants. A judgment being an entire thing, can not be reversed in part; but the the whole should be set aside where there is error or irregularity in any part of it. (Rush v. Rush, 19 Mo. 441.)

If the fact warranted such a course, it is strange the plaintiff did not call upon the sheriff and have him amend the return to the writ, which would have deprived the defendant of the benefit of his motion.

Judge Ryland concurring, the judgment will be reversed, and the cause remanded; Judge Leonard absent.