ZENAS PRATT *versus* JOHN DOW *& als.*

Where a judgment is recovered upon a negotiable promissory note after indorsement, in the name and with the consent of a nominal party without interest, the judgment creditor is merely the trustee of the equitable owner, and cannot control the judgment to the prejudice of his *cestui que trust* or to the oppression or injury of the debtor.

And payment of such a judgment to the satisfaction of the equitable owners thereof is a good defence to an action thereon, although some of the judgment debtors are the *cestuis que trust* for whose benefit the original suit was instituted.

ON EXCEPTIONS.

DEBT on a judgment recovered at the October term, 1862, of this Court for Cumberland county, in favor of the plaintiff against John Dow, Elisha Trowbridge, William Parker, Alvah Libbey and George Worcester, for $1068,67 debt, and $13,03 costs. The original action was upon a note dated Dec. 12, 1856, given by the defendants for the sum of $800 payable in four months to the order of John Dow, and by him indorsed in blank.

The defendants seasonably filed specifications of defence, pleaded *nil debet*, with a brief statement alleging substantially that the note upon which the judgment in suit was founded, was never the property of the plaintiff, and that he never had any legal interest therein, nor in the judgment; that the note was really the property of some of these defendants, and that suit was brought thereon in the name of the plaintiff, with his full knowledge and consent; and that said judgment has long since been paid and satisfied.

The plaintiff read an attested copy of the record of the judgment declared on.

The defendants Parker and Libbey, subject to the plaintiff's objection, testified substantially, — that the defendants were directors of the Cumberland Brick Manufacturing Company; that they made and sold the note in the market to raise money for the company; that when it became due

Dow and Worcester did not pay any part of it, but that Trowbridge paid $100, and the witnesses an equal proportion of the remainder of the note and took it up; that witnesses caused the original suit to be commenced and prosecuted to judgment, in order to make the other defendants contribute; that the plaintiff consented to have the suit brought in his name, but had no interest therein; and that since the rendition of the judgment it had been equalized.and settled up between, Libbey, Parker, Trowbridge and Worcester, Dow being unable to pay anything.

The testimony of the plaintiff, called as a witness, was somewhat in conflict with the foregoing.

It also appeared that another note, sued in the name of Pratt, against the C. B. M. Company and these defendants, was the property of one Carlisle; and that said Libbey, Parker, Trowbridge and Worcester satisfied the judgment.

The plaintiff requested the presiding Judge to give twelve instructions; all of which he gave except the following: —

3. That it is not competent for the defendants to prove, and the jury are not authorized to find that the note on which said judgment was founded was the property of said Parker, Libbey and Worcester, nor that said suit was brought for their benefit, nor that they were the owners of said judgment, because the record is conclusive evidence that each and all the defendants owed the whole amount of said judgment. This was not given. .

4. That it is not competent for the defendants to prove, and the jury are not authorized to find, that the note upon which said judgment was founded was really the property of some of these defendants, because the record is conclusive evidence, that each and all the defendants owed the whole amount of said judgment at the time it was rendered. This was not given.

5. That it is not competent for these defendants to prove, and the jury are not authorized to find, that the note upon which said judgment was founded was never the property of said plaintiff, and that the plaintiff never had any inter-

est therein, nor in said judgment, unless they allege in their brief statement, and prove what person or persons did have the property in said note and in said judgment. This was not given.

7. That it is not competent for the defendants to prove, and the jury are not authorized to find, that in the prosecution of said suit, and in the recovery of said judgment, said plaintiff was a mere nominal party, because they have not set forth any other person or persons, as the real parties in interest in the prosecution of said suit and recovery of said judgment, except that some of the defendants were the parties in interest, which they are not permitted by law to do. This was not given.

11. That if the jury find that some of these defendants paid a portion or all of the amount of said judgment to some of the other defendants, such payment is not to be regarded as made in satisfaction of said judgment.

Upon the whole case the Judge instructed the jury as follows, and requested them to answer three questions, which he proposed to them in writing.

The Court instructed the jury that, if Pratt authorized the suit on the note to be brought in his name, he having no interest whatever in the same, and the judgment thereon had been settled and paid by the parties defendant to the parties interested in and owning the demand, and the same had been fully adjusted and paid, to find a verdict for the defendants.

Was the plaintiff the owner of the note upon which the judgment in suit was rendered, by purchase, assignment, or in any other mode?

*Answer.* No.

Has the judgment in suit been paid and satisfied by arrangement between those who were the owners of the same, and those who were the debtors?

*Answer.* Yes.

Did the plaintiff consent that the suit might be brought

in his name for the benefit of those of the defendants by whom the note had been paid?

*Answer*. Yes.

The verdict was for the defendants and the plaintiff alleged exceptions.

*Jabez C. Woodman*, for the plaintiff.

*Shepley & Strout*, and *J. D. & F. Fessenden*, for the defendants.

BARROWS, J.—It appears by the verdict and special findings in this case, taken in connection with the instructions upon which they were based, that the plaintiff was not the owner of the note upon which the judgment here sued was rendered; that he had no interest therein, but that he consented that the original suit might be brought upon it in his name for the benefit of some of the defendants, makers of the note, by whom it had been paid; and, that the judgment in suit here has since its rendition been fully adjusted, paid and satisfied by arrangement between those who were the equitable owners of it and those who were the debtors.

In other words, some of the makers of a note, having paid it, brought suit upon it in the plaintiff's name, with his consent, against all the makers, for the purpose of effecting an adjustment among themselves, and, since the rendition of the judgment, that object has been accomplished. Those who were the equitable owners of the judgment (if anybody could be) acknowledge and testify that it has been satisfied and paid; yet the nominal plaintiff insists that they are precluded upon sound legal principles from showing these facts in defence, and that he is entitled to recover against all of them for his own benefit.

It is not perceived that the assignment to William H. Baxter, which was made without consideration, can give to his notifications to the attorney of record in the original suit, and some of the defendants, any other or different effect than like notifications from this plaintiff would have.

Pratt *v.* Dow.

It does not appear whether these notices were given before or after the adjustment between the parties in interest; nor is it material, for, if the plaintiff is entitled to recover at all, it must be by virtue of some principle of estoppel which would be equally effective if no such notices had been given.

The main positions relied upon by the plaintiff are, in brief, that the record of the judgment which he produces is, in and of itself, conclusive evidence that each and all of the defendants owed the whole amount thereof at the time of its rendition; that this cannot be now contradicted and the judgment impeached, by proof that some of them had previously thereto paid the note upon which it was rendered, as co-promisors thereon, and were in fact the equitable owners of the judgment, and though nominally debtors, were really the creditors in interest therein, — that such facts and proof would have defeated the original action, and that nothing can or ought to be permitted to defeat an action on a judgment which would have constituted a defence to the original suit in which that judgment was rendered.

These positions are elaborated, enlarged upon and fortified by the abundant research which is eminently characteristic of the plaintiff's counsel. It cannot be doubted that he has succeeded in demonstrating that, even though his client's cause is found utterly wanting in equitable merits and its successful maintenance would operate something very near akin to absolute fraud, the position of the defendants is, in view of the decided cases, a somewhat critical and equivocal one; made so by the ill-advised attempt of some of them to accomplish by an indirection what ought to have been sought by straight forward suits in their own names as plaintiffs.

We have no desire nor design to abate one iota from the validity and conclusiveness of judgments. We concur fully in the doctrine of the numerous cases cited for plaintiff, where it is held that, a domestic judgment of a court of record of general jurisdiction, proceeding according to the

course of the common law, cannot be impeached by the parties to it, where a want of jurisdiction is not apparent upon the record, while it remains not annulled nor reversed. *Granger, Adm'r,* v. *Clark,* 22 Maine, 128.

Is it consistent with this doctrine to permit a judgment debtor, upon his own motion, to prove that, instead of owing the amount of the judgment at the time of its rendition, he was, in fact, the equitable owner of it, and that he caused the judgment to be entered up against himself, with others, in the name of the judgment creditor, but for his own benefit and behoof?

Such a state of things is apparently in conflict with the idea that the record is conclusive evidence that each and all of the defendants owed the whole amount of the judgment at the time it was rendered, and that the record is to be considered as importing absolute verity.

Nor do we feel disposed to break down the well settled general rule, that, in an action of debt on a judgment, no defence shall be allowed to prevail which existed prior to the judgment and might have been made in the original suit. The rule is well grounded upon sound and sufficient reasons, and well supported by authority. *Mitchell* v. *Osgood* 4 Maine, 133 ; *Noble* v. *Merrill,* 48 Maine, 140.

But the defence in this case is not that the note in the original suit had been paid by some of those who were ultimately liable upon it and was therefore *functus officio,* and could not properly form the basis of a judgment. Were that the ground of this defence the case would fall within the rule last referred to. But the defence relied on here, is payment made since the rendition of the judgment in suit to the satisfaction of the equitable owners of it.

In view of the decisions which authorize the maintenance of a suit upon a negotiable promissory note, after it has been indorsed in the name of one who has no interest in it but consents that suit may be brought in his name for the benefit of the real party in interest whose rights in all these cases, (as well as those of the debtor,) have been sedu-

lously guarded, we cannot doubt that such a defence would be admissible and available in all cases where payment had been made to any third party who might be proved to be the equitable owner of the judgment. The nominal plaintiff or judgment creditor, in such cases, is merely the trustee of the real owner, and cannot be permitted to control the judgment to the prejudice of his *cestui que trust*, or to the oppression or injury of the debtor. Perhaps it might better have comported with the absolute verity of judgments if cases of this description had never been sustained; but they are now too numerous to be disregarded or to permit their propriety to be questioned. *Demuth* v. *Cutler*, 50 Maine, 298.

It remains to be determined whether the same defence shall be counted available where some of the judgment debtors are the *cestuis que trust*, for whose benefit the original suit was instituted.

It may be conceded that, if this suit were against Libbey and Parker only, (the parties who caused this judgment to be entered up against themselves and their co-promisors,) as surviving debtors, it would not be in their mouths to assert that they occupied the anomalous position of being both debtors and creditors in the same judgment. But, after careful consideration, we are not satisfied that there is any positive rule of law or evidence which requires us to deprive the other defendants of a defence which would have been valid beyond question, and subject to no imputation that it was an impeachment of a judgment, if their payments had been made to any equitable owner of the judgment who was not jointly liable with themselves thereon. It is not reasonable to suppose that they were cognizant of the misuse of legal process by Libbey and Parker; they probably knew of no possible defence which they could make to the original suit. Since the rendition of the judgment they have paid what they were required to pay by those who had the control of the execution.

The suit on the judgment is defeated, not because it is

made to appear that the judgment ought not to have been rendered and is thus impeached, but because it has been paid to the satisfaction of the real creditors.

If the incidental proof that some of the judgment debtors were the real creditors is to be deemed an impeachment of the judgment, the case must be set down as an exception to the general rule forbidding such impeachment.

A debt of record constitutes a contract of the highest nature, being established by the sentence of a court of judicature. 2 Blac. Com., b. 2, c. 30, p. 465. It follows that the plaintiff, in actions of this description, must recover against all or none of the defendants who are jointly sued. Hence, in this case, the defence which it is competent for some of the defendants to make, must enure to the benefit of Parker and Libbey. The instructions of the presiding Judge, as well as his refusals to instruct, were in accordance with the views herein before expressed.

*Exceptions overruled. — Judgment on the verdict.*

