THOMAS WINSLOW & another, in error, *vs.* JOSEPH S. LAMBARD.

A judgment obtained on default, at the return term of a writ declaring on a joint judgment against two defendants, on one of whom, as it appears by the return, no service had been made, is erroneous, and may be reversed on error.

ON REPORT.

WRIT OF ERROR, alleging that in a judgment obtained before this court, in and for this county, on the first Tuesday of March, A. D. 1864, wherein the said Joseph S. Lambard was plaintiff, and the said Thomas Winslow and James R. Grant (plaintiffs in error) defendants, there occurred certain errors specified.

It appeared that on Feb. 16, 1857, this defendant sued out a writ against these plaintiffs as makers of a promissory note, dated Oct. 6, 1854, for twenty dollars and interest; that the service of the writ, dated Feb. 17, 1857, and signed by a deputy-sheriff, recited the attachment of a chip " as the property of defendant, and at same time left a summons at his last and usual place of abode ;" that the writ declared both of said defendants to be of " Pittston, in said county ;" that the writ was duly entered and an appearance by attorney; that judgment was rendered at the November term, 1857 ; that the defendant in error brought an action of debt on that judgment, returnable at the March term, 1864; that the deputy-sheriff who served the writ made a return thereon dated Feb. 11, 1864, reciting that he had " attached a chip as the property of the within-named defendant . . . and the same day left at his last and usual place of abode a summons for his appearance at court ;" that no one appeared for the defendants or either of them in the latter action, and a default was entered at the return term. The remaining facts appear in the opinion.

*Bradbury & Bradbury,* for the plaintiffs.

*Whitmore,* 2d, for the defendant, cited *Holmes* v. *Fox,* 19 Maine, 107 ; *Lovell* v. *Kelly,* 48 Maine, 265 ; *Morrison* v. *Underwood,* 5

Winslow *v.* Lambard.

Cush. 52; *Orcutt* v. *Ranney*, 10 Cush. 183 ; *Stinson* v. *Snow*, 10 Maine, 263 ; *Blanchard* v. *Day*, 31 Maine, 496; *Lord* v. *Pierce*, 33 Maine, 550.

WALTON, J. A judgment obtained on default of the defendant when there has been no legal service of the writ is erroneous. *Railroad* v. *Weeks*, 52 Maine, 456. And a judgment against two defendants, when the writ was served only on one of them, is equally erroneous. *Buffum* v. *Ramsdell*, 55 Maine, 252. When there are two or more defendants, and the cause of action is joint, a want of service on one of them is a good cause for abatement of the writ as to all. *Sawtelle* v. *Jewell*, 34 Maine, 544.

In this case the judgment sought to be reversed was obtained on default of the defendants, and there is no pretense that the writ was served on more than one of them ; and the validity of the service on him is denied. He was absent in the army, and the service was by a summons left at the house of his father at Bath. He was a married man, or had been, had a family of his own, and had resided for many years in California, and he denies that he had a home at his father's, and says he had no notice whatever of the pendency of the suit. The validity of such a service may well be doubted. But it is unnecessary to determine whether the service on him (Winslow) was legal or not, for there is no pretense of any service on the other defendant, Grant. As to him the officer testifies as follows : "I did not serve said writ on James R. Grant ; he was not here at the time, and had no residence here that I know of ; I could not find him in my precinct." There was no·appearance for either defendant, and the action was defaulted at the return term of the writ. A judgment obtained under such circumstances is clearly illegal.                    *Judgment reversed.*

APPLETON, C. J.; KENT, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.