Miller v. Glass.

GEORGE W. MILLER
v.
VICTOR K. GLASS.

1. WRIT OF ERROR.—MUST SHOW A GOOD RECORD.—On a writ of error the party to retain his judgment must show a good record. It is essential that the record should show that the court below had in some of the ways recognized by law, acquired jurisdiction of the person of the party against whom the judgment was rendered, that a declaration was filed, and that such declaration set out a cause of action good in substance and that the power of the court had been invoked by the institution of a suit, in some of the modes and forms known to the law.

2. WHEN PROCEEDING IS REMANDED—NOTICE.—Under the provisions of section 83 (Laws 1877, p. 152) of the statute, "When a cause or proceeding is remanded, etc.," notice to the adverse party or his attorney is just as indispensable to the authority of the court, to re-instate the cause or proceeding therein, as the filing the transcript of the remanding order, unless such notice is waived. The notice contemplated is, when the party

can be found, a personal notice served upon him or his attorney, and where the statute requires a personal notice to be served on the party, a notice in writing is meant.

ERROR to the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed February 12, 1884.

The record in this case begins with the formal *placita*, then recites that Nov. 23, 1882, there was filed with the clerk of the superior court a transcript of a remanding order of the Appellate Court of the First District, which sets out such order, which is in the ordinary form, and purports to remand a cause between the same parties, from such appellate to the superior court; but the record is silent as to any notice to any party or attorney, and as to any order of the superior court, re-instating the cause therein. The record then shows that February 23, 1883, a judgment by default was entered in favor of Glass and against Miller and Brahurstedt for $1,431, besides costs; but it contains no declaration or summons; nor is there anything by way of recital or otherwise, showing any service or process or notice on either of the persons against whom the judgment was entered, or that either of them entered any appearance. Miller prosecutes this writ of error, assigning for error the rendition of such judgment without notice. Glass appeared by attorney in this court and submitted the cause without alleging diminution of record.

Mr. JOHN W. WAUGHOP, for plaintiff in error; cited Smith v. Brittenham, 94 Ill. 624; Cummings v. The People, 50 Ill. 135.

Messrs. G. & W. GARNETT, for defendant in error; that every presumption will be indulged to support a judgment of a court of general jurisdiction, cited Blair v. Ray, 5 Bradwell, 455; City of Virginia v. Hall, 96 Ill. 278; Casey v. Harvey, 14 Ill. 45; Johnson v. Berlizheimer, 84 Ill. 54; Gardner v. Russell, 78 Ill. 292.

McALLISTER, P. J. In Sweeney v. The People, 28 Ill. 208, it was stated to be the general rule, that, on a writ of error,

Miller v. Glass.

the party, to retain his judgment, must show a good record. That rule has been applied, in effect, in various cases, by the Supreme Court of this State, irrespective of the question whether the court wherein the judgment was entered was a court of general and superior jurisdiction, or inferior and limited. It means that, even where the court belongs to the former class, and its judgment is challenged, in a direct proceeding upon error or appeal, the record must show certain requisites, or the party who has obtained the judgment can not retain it. That is, the record must show, as among these essentials, that the court had, in some of the ways recognized by law, acquired jurisdiction of the person of the party against whom the judgment was rendered. Varien v. Edmonson, 5 Gilm. 270; Brockman v. McDonald, 16 Ill. 112.

It must also show, not only that a declaration was filed, but that such declaration set out a cause of action good in substance. And above all these requisites, it must show that the powers of the court had been invoked by the institution of a suit in some of the modes and forms known to the law. *Ex parte* Cohen, 6 Cal. 318.

The record in this case contains no summons, or other original process, makes no allusion by recital, or otherwise, to any service of process or notice, or to any appearance by either of the parties against whom the judgment purports to have been entered; and it contains no declaration. It begins with the usual *placita*, and then recites that, November 23, 1882, there was filed in the office of the clerk of the superior court, a certified transcript of a remanding order of the Appellate Court of the First District of Illinois, setting it out at length. That order is in the usual form, and shows on its face that it was made in a cause between the same parties as those to the judgment now in question, which was by default; but the record is wholly silent as to notice having been given to any body of the filing of such transcript of a remanding order, and as to there having been any appearance in the court below, by either of the parties defendant in said judgment, after the filing therein of such remanding order· The party in whose favor such judgment was rendered has

appeared in this court, on the hearing of this writ of error, and submitted his case without alleging diminution of record, thereby affirming that the record, in its present state, is complete. Cheetham v.Tillotson, 4 Johns. 500; R. S. 1874, Chap. 110, § 80.

If we were to presume from the remanding order alone that the superior court originally had jurisdiction of the parties and the subject-matter, we are still confronted with the difficulty that the court below had no authority from anything appearing in the record, to proceed and render judgment by default against the defendants. Independently of the statute, to which we shall refer, if a case had been regularly before the court, by the institution of a suit which had proceeded to judgment, and that judgment had been taken to the Supreme or appellate court, and there reversed with an order remanding the cause, the court below would have no authority to proceed at the instance of the plaintiff in such judgment and render another judgment against the defendants therein, by default, without having a transcript of such remanding order first filed therein. Livingston v. Rogers, 1 Caines R. 588; Blair v. Bristoe, Littel's Sel. Cas. 20.

Recognizing this doctrine, our legislature has provided by statute, a course of practice in such cases, thus: "When a cause or proceeding is remanded by the Supreme or appellate court, upon a transcript of the order of the court remanding the same being filed in the court from which the cause or proceeding was removed, or in which the cause originated, as the case may require, *and not less than ten days notice thereof being given to the adverse party or his attorney*, the cause or proceeding shall be re-instated therein. In case of non-resident parties, or parties who can not be found, so that personal notice can not be served upon them, the notice may be given as in cases in chancery, or as may be directed by the court." § 83, Laws 1877, p. 152.

It is apparent from the provisions of that statute, that notice to the adverse party or his attorney, is just as indispensable to the authority of the court, to re-instate the cause or proceeding therein, as the filing the transcript of the remand-

ing order, unless such notice is waived. The notice contemplated is, when the party can be found, a personal notice served upon him or his attorney.

It seems to us that where the statute requires a personal notice to be served on the party, a notice in writing is meant; because it is quite as necessary in order to give the party his further day in court, as in the case of an original suit; and if a mere oral notice were held sufficient, it would open a way to great abuses. It is true there is no bill of exceptions in this case. But the judgment being by default and without notice, so far as the record shows, there could have been none; and there having been no appearance, there was no waiver. We think that under such circumstances, there can be no intendment that notice was given. Hettrick v. Wilson, 12 Ohio St. 136.

The judgment of the court below will be reversed and the cause remanded.

*Judgment reversed.*