| | |
|---|---|
| 89 | 13 |
| 97 | 180 |
| 89 | 13 |
| 100 | 321 |
| 89 | 13 |
| 45a | 36 |
| 89 | 13 |
| 48a | 542 |
| 89 | 13 |
| 58a | 94 |
| 89 | 13 |
| 128 | 21 |
| 61a | 466 |
| 61a | 692 |
| 89 | 13 |
| 74a | 675 |
| 89 | 13 |
| 81a | 303 |
| 82a | 606 |
| 89 | 13 |
| 91a | 679 |
| 89 | 13 |
| 99a | ³482 |

---

GATES *et al.* v. TUSTEN *et al.;* EASTLAND, *Plaintiff in Error.*

1. **Court of General Jurisdiction**: PRESUMPTION. Where the record of a court of general jurisdiction shows that it assumed to exercise jurisdiction over a person or subject matter, in the absence or silence of the record as to any fact showing acquisition of jurisdiction or how it was acquired, then jurisdiction is presumed.

2. ———. Nothing shall be intended to be out of the jurisdiction of a superior court, but which specially appears to be so.

3. **Foreign Insurance Companies, Service of Process on in This State**: STATUTE: GARNISHMENT. The statute in express terms contemplates that a foreign insurance company desiring to transact business in this state may for that purpose employ an "agent or agents," but the plural number is studiously omitted when provision is being made (R. S., sec. 6013) for the appointment of "some person" who is to receive service of process; hence a return of the sheriff on process of garnishment on "one of the agents of the company" indicates that service was had on one of those agents whom an insurance company usually employs in the transaction of its ordinary business. Such a return does not meet the requirements of the law, nor give the court jurisdiction of the *res* assumed to be seized in the hands of the garnishee.

(13)

4. **Garnishment.** Nor did the garnishee, by appearing and answering the interrogatories propounded to it and by the payment of the debt into court, waive the objection to the jurisdiction which it otherwise might have interposed.

5. ——. Whatever a garnishee may do respecting his own rights, he cannot do anything which will affect the rights of third persons and if he is not legally served with process nothing is attached in his hands.

6. **Judgment:** THIRD PARTIES. Nevertheless, if the claimant of a fund so paid into court after his plea to the jurisdiction is denied makes no further claim to the debt attached, and wholly fails to establish his claim to the fund in writing verified by affidavit, as required by Revised Statutes, section 2541, he must be regarded as a stranger to the record and cannot overthrow a judgment between third parties.

*Error to Jackson Circuit Court.*

AFFIRMED.

*Amos H. Kagy* for plaintiff in error.

(1) The suit was *in rem* and no *res* was found in Jackson county, and, therefore, the court acquired no jurisdiction of the defendants. Service alone on the garnishee was not sufficient to confer jurisdiction. *Norvelle v. Porter*, 62 Mo. 309. (2) A garnishee is to be placed in no worse condition than if sued by his creditors, so that if Tusten *et al.* could not have sued the garnishee in Jackson county, then the insurance company could not be held liable as a garnishee. *Myers v. Ins. Co.*, 40 Md. 595; *Friebaugh v. Stone*, 36 Mo. 114; *McPherson v. Railroad*, 66 Mo. 103. (3) Tusten *et al.*, who were citizens of Kansas, could not sue the company, also a non-resident, on its policy in Jackson county. R. S., 3481; *Stone v. Ins. Co.*, 42 Mo. 131; *Brackett v. Brackett*, 61 Mo. 221; *Ex parte Schallenberger*, 96 U. S. 369. (4) The appearance of a garnishee alone will not confer jurisdiction unless the defendant is brought in.

Defects in service may be urged by creditors. *Schneider v. Smith*, 18 La. Ann. 476; *Hebel v. Ins. Co.*, 33 Mich. 400; *Bank v. McDonald*, 46 Mo. 31. (5) The return of the officer is defective, for it shows that summons on "one of the agents of said company." R. S., sec. 6013. (6) The garnishee, being a foreign corporation, is not liable to pay the debt under the circumstances of this case. Drake on Attachment, sec. 474; *Tingly v. Boleman*, 10 Mass. 343; *Nye v. Liscomb*, 21 Pick. 263; *Lovejoy v. Albren*, 33 Maine, 414; *Baxter v. Vincent*, 6 Vt. 614; *Green v. Bank*, 25 Conn. 452; *Bates v. Railroad*, 4 Abbt. [N. Y.] 72; *Jones v. Winchester*, 6 N. H. 496; *Lawrence v. Smith*, 45 *Ibid.* 533.

*Karnes & Ess* for defendants in error.

(1) While the return does not say that M. A. Blossom was the agent of the insurance company for the service of process, yet this was implied. Process can be served in no other way than under Revised Statutes, section 6013. 68 Mo. 617. The law presumes the officer did his duty. (2) The circuit court had jurisdiction of the cause. The record does not show that the defendants had no property in Jackson county. (3) A foreign corporation is subject to garnishment in this state. *McAllister v. Ins. Co.*, 28 Mo. 216; *McNichol v. U. S. Mercantile Co.*, 74 Mo. 471. (4) No judgment was rendered against Eastland or his property; it does not appear that he is concerned or interested in the attached debt, and hence he cannot prosecute this writ of error.

SHERWOOD, J.—Plaintiffs sued defendants, Tusten & De Neven, in the special law and equity court of Jackson county. The suit was by attachment, the defendants being non-residents. Afterwards, publication having been made, and they having defaulted, judgment went against them in the Jackson circuit court to which the cause had been transferred, which judgment, as the

record thereof recites, was ordered to be satisfied out of the property and effects attached in the suit. Two writs of attachment were issued in the cause, one directed to the sheriff of Jackson county, which, and the return thereon, is not in the transcript, being stated by the clerk to have been lost, and the other, issued to the sheriff of St. Louis, is returned, showing service of garnishment on the London and Globe Insurance Company, and on the Phœnix Insurance Company. Smith & Keating were also served with the process of garnishment, and interrogatories filed as to them, and they answered, but as their answer is lost, as the clerk certifies, its contents cannot be ascertained.

It seems that they resided in Kansas City; this counsel for Eastland admit, and indeed it may be presumed as the return on the writ of attachment issued to the sheriff of the city of St. Louis is in full, and shows no service on Smith & Keating, and the writ issued to the sheriff of Jackson county, and the return thereon, are lost, as aforesaid. The Phœnix Insurance Company, answering the interrogatories propounded them, alleged that they were indebted to Tusten & Company, a firm composed of Tusten & De Neven, in the sum of $3200, on a policy of insurance, but that the insurance company had been notified of the transfer of the policy to Eastland in trust for certain creditors of Tusten & Company. And the insurance company thereupon brought and paid the money into court, and asked that Eastland and plaintiff be required to frame an issue to try their rights, etc. The circuit court made the appropriate order and thereupon publication made, Eastland, a nonresident appeared and filed a plea to the jurisdiction of the court as follows:

"Comes now G. W. Eastland, by his attorneys, and in pursuance of the order of the court heretofore made in this cause, and appearing for the purposes of this motion only, and protesting and objecting to the jurisdiction of the court herein, says:

Gates v. Tusten.

"First.    That said Phœnix Insurance Company, of Hartford, Connecticut, garnishee in said cause, was not and could not be legally summoned as garnishee in reference to the fund and indebtedness set forth and described in its answer as such garnishee, for the reason that said indebtedness grew out of a contract of insurance executed and made payable in the state of Kansas, under and in pursuance of the laws thereof, and that said insurance company was, at the time of the execution of said contract, and the accruing of the liability thereon, a corporation organized and existing under the laws of the state of Connecticut, having no chief place of business or managing officers in the state of Missouri, or any other person upon whom the process of this court could be served in the state of Missouri.

"Second.    And for the further reason that the action of the plaintiff was improperly brought in Jackson county, Missouri, as the defendants had no property or credits in said county, nor could said defendants, or either of them be found, or were they found therein.

"Third.    And for the further reason that the in-indebtedness described in the answer of said garnishee was not subject to attachment in the state of Missouri, the said defendants being at the time and now are, residents of the state of Kansas, where said indebtedness is due and payable under the contract set forth in the answer of said garnishee, and said garnishee being a foreign corporation and not subject to garnishment process herein.    Wherefore he prays that said fund may be released and discharged from the operation of said attachment."

There was a reply filed by plaintiffs to the plea of jurisdiction, and a trial of the issue thus raised resulting adversely to Eastland, and, thereupon, it was adjudged that as Eastland had failed to establish his claim to the fund paid into court by the Phœnix Insurance Company that the clerk of the court pay the judgment

already rendered against the defendants. The foregoing facts are all gathered from the record proper, as no bill of exceptions accompanies this transcript.

The sole question then, arising on this record is, did the circuit court of Jackson county acquire any jurisdiction in the cause by reason of the issuance and return of its process? I am of opinion that it did, and for the following reasons: It is one of the fundamentals of the law that where the record of a court of general jurisdiction shows that it assumed to exercise jurisdiction over person or subject matter, that in the absence or silence of the record as to any fact showing the acquisition of jurisdiction, or how it was acquired, that then jurisdiction is to be presumed; for the rule is that "nothing shall be intended to be out of the jurisdiction of a superior court, but which specially appears to be so." *Huxley v. Harrold*, 62 Mo. 516. In the case just cited, the principle I stated was applied. Proceedings by attachment were instituted in Buchanan county, but it did not appear that any property was levied on in that county, but a writ of attachment did issue to Andrew county and real estate was levied on, and under a judgment afterwards obtained in the circuit court of Buchanan county, the land thus attached was sold, and this gave rise to an action of ejectment, and it was ruled that as the Buchanan circuit court record was silent as to whether a writ of attachment had been issued and levied on property in Buchanan county, that such fact would be presumed, and the judgment rendered in the attachment proceedings was not open to collateral attack on account of such silence in the record. Here, the same principle should prevail, because the attachment writ and the return thereon in this instance being lost, as well as the answer of Smith & Keating, the presumption will be that they answered that they had property or effects of Tusten & Company, in their hands, or that the sheriff of Jackson county levied on other property in his county. In other

words, that the law will be presumed to have been obeyed, and not to have been violated. Revised Statutes, sections 3482, 418. It must, therefore, be accepted as true that jurisdiction was acquired as to defendant's property or credits, by the Jackson circuit court; nothing to the contrary thereof in this record appearing.

But it is insisted that the return of the sheriff of the service of garnishment on the Phœnix Insurance Company is insufficient, because it states that he served the writ by summoning "in writing as garnishee the Phœnix Insurance Company, of Hartford, Connecticut, by delivering a summons of garnishment in writing to H. N. Blossom, *one of the agents of said company,*" etc. Section 6013, Revised Statutes, makes it the duty of a foreign insurance company, "desiring to transact any business by any agent or agents in this state," that it "shall first file with the superintendent of the insurance department, a written instrument or power of attorney, duly signed and sealed, appointing and authorizing some person, who shall be a resident of this state, to acknowledge or receive service of process, and upon whom process may be served for and in behalf of such company, in all proceedings that may be instituted against such company, in any court of this state, or in any court of the United States in this state, and consenting that service of process on any agent or attorney, appointed under the provisions of this section, shall be taken and held to be as valid as if served upon the company, according to the laws of this or any other state; and such instrument shall furthermore provide that such attorney's authority shall continue until revocation of his appointment is made by such company, by filing a similar instrument with said superintendent, whereby another person shall be appointed as such attorney. Such company shall have the right, from time to time, to change every appointment thus made by it; but until a new instrument is filed with said superin-

tendent by such company, making such change or revocation, the attorney last appointed shall continue in authority, and remain the designated attorney of such company for the purpose of this chapter." Then follow other provisions for the appointment by the superintendent of the insurance department of an attorney, in case the one appointed by the company absents himself, becomes disqualified, dies, etc., which appointment is to remain in force until the company shall have made another appointment in the manner required for an original appointment.

These provisions plainly indicate, and in a manner not to be misunderstood, that but *one* agent or attorney is to be the authorized recipient for the service of process on the insurance company he is designated to represent. Here, the return states that the service was had on "*one of the agents.*" The statute in express terms contemplates that the foreign insurance company "desiring to *transact business*" in this state may for that purpose employ an "*agent or agents,*" but the plural number is omitted, and studiously omitted, when provision is being made for the appointment of "*some person*" who is to receive service of process. In *Stone v. Ins. Co.*, 78 Mo. 655, it was ruled that where the return of the sheriff on a writ of summons, showed that he had served the writ on "H. P., state agent," that this was a sufficient designation of the person named, as the one appointed by the defendant company, under the section already quoted. But it will be at once observed that the returns in the case just mentioned and that in the case at bar, differ widely; the former being definite, referring by the force of its own terms to the proper person designated by the statute under discussion; the latter indefinite, giving by its terms not the most remote indication that the service was had on an agent appointed in compliance with the law, but rather indicating that the service was had on one of those agents whom an in-

surance company usually employs in the transaction of its ordinary business affairs. Such a return does not meet the requirements of the law, nor give the court jurisdiction of the *res* assumed to be seized in the hands of the garnishee, for "it is the return of the officer upon the writ which constitutes the attachment of the debt due from the garnishee, and the proceeding will fail if the return does not show a garnishment in conformity to the statute." Drake on Attachment, section 451 *b*; *Norvell v. Porter*, 62 Mo. 309. At an early day in this court, a judgment rendered by default against a garnishee was set aside at a subsequent term, because of the return of the sheriff failing to show a compliance with statutory requirements as to service on the garnishee. *Maulsby v. Farr*, 3 Mo. 439. In quite a recent case the same line of ruling has been maintained. Thus, where, in order to make a valid garnishment of a railroad company under the proviso to section 2521, the notice must be delivered to "the nearest station or freight agent" of the company, and the return of the officer did not so describe the person to whom the notice of garnishment was delivered, but did describe him as the "*nearest agent*," and the return was held absolutely invalid, authorizing no judgment against the garnishee, and, therefore, constituting no bar to the payment by the garnishee of the debts to its debtor. *Haley v. Railroad Co.*, 80 Mo. 112. From the authorities cited, it is quite too clear for argument that the ordinary platitude that an officer is presumed to do his duty, does not possess sufficient potency to cure palpable defects in his return. In the service of an ordinary summons, similar defects to the one here noticed have been held fatal. *Smith's Adm'r v. Rollins*, 25 Mo. 408; *Ser v. Bobst*, 8 Mo. 506.

And it will not do to say that the garnishee, by appearing and answering the interrogatories propounded to it, and by payment of the debt into court, waived any objections to the jurisdiction, which otherwise it

might have interposed. Whatever a garnishee may do respecting his own rights, he is powerless to do anything which will affect the rights of third persons, and if he is not legally served nothing is attached in his hands. *Haley v. Ry. Co., supra ;* Drake on Attach., sec. 451 *b ; Schindler v. Smith*, 18 La. An. 476 ; *Phelps v. Boughton*, 27 *Ib.* 592 ; *Hebel v. Ins. Co.*, 33 Mich. 400 ; *Epstein v. Salorgne*, 6 Mo. App. 352 ; *Conner v. Pope*, 18 *Ib.* 86.

But, notwithstanding all that has been said, it does not follow that the judgment should be reversed. Though there is no bill of exceptions preserved in this cause, yet the record proper discloses that Eastland's plea to the jurisdiction of the court over the subject matter, to-wit : the debt attached, was tried and overruled by the court. This action of the court met with no objection or exception at his hands, or what is quite the same, no exception was saved and no new trial moved for in order to allow the trial court to review any supposed error it may have done. Besides, the record further discloses that Eastland, after his plea to the jurisdiction was denied, made no further claim to the debt attached, and wholly failed to establish any claim to that debt, and to the money paid into court, and thereupon, the court adjndged that Eastland had no claim to the fund attached. Section 2541, under the provisions of which Eastland was brought into court, declares that " if the party so notified fail to appear as required, the garnishee's averment of such sale shall be disregarded ; but if he appear, and in writing filed in the cause, and verified by affidavit, claim under such sale or assignment, a trial of his right shall be had," etc. As Eastland, when his plea was overruled, did not in writing, verified by affidavit, claim under the assignment, the result as to him is practically the same as if, having been notified he had failed to appear, and the cause stands as if no averment of sale or assignment had been made. This being the case, he must be regarded

as a mere stranger to this record, with no right or interest in the subject matter of this suit, so that, granting that no jurisdiction was acquired as to the debt in the hands of the garnishee, how does that fact concern Eastland? Manifestly, it concerns him not. And the well established rule is that a stranger cannot, in any circumstances, attack and overthrow a judgment between third parties. *Hardin v. Lee*, 51 Mo. 241, and cases cited.

The result is that the judgment must be affirmed. All concur; Norton, J., in the result.