### BLOCH *v.* PRICE and others.

*(Circuit Court, E. D. Missouri, E. D.* October 14, 1887.)

JUDGMENT—IN FAVOR OF CO-DEFENDANT—RES ADJUDICATA.

In an action brought in a Missouri state court against four defendants, judgment was rendered in favor of one of them and against the others, as is permitted by Code Proc. Mo. § 3673. The latter made a motion for a new trial, and in arrest of judgment, which was overruled in the court below, but sustained on appeal on the ground of insufficient evidence. The action was subsequently dismissed in the state court, but recommenced in the federal court against all four defendants on the same cause of action. *Held,* that the former judgment, as far as it related to the defendant in whose favor it was rendered, not having been appealed from, was a bar to the action against him in the federal court.

*Mills & Flitcraft,* for plaintiff.
*C. M. Napton,* for defendants.

THAYER, J., *(orally.)* In the case of *A. Bloch* against *William M. Price, Stephen G. Price, Darwin W. Marmaduke, and Leslie Marmaduke,* composing the alleged firm of Price, Marmaduke & Co., Darwin W. Marmaduke has filed a plea of former adjudication, and the testimony relied upon to support the same was submitted the other day for the purpose of having the court determine, in advance of the trial, whether the testimony was sufficient to support the plea. I have looked into the record of the former case, and I find that it was a suit in which the four defendants last named were sued on what was alleged to be a joint contract; that, on the trial of the case in the state court, a judgment was entered in favor of the defendant Darwin W. Marmaduke, and against the other defendants; that it was so entered in accordance with section 3673 of the Missouri Code of Procedure, which permits judgment to be given *"for or against one or more of several plaintiffs, and for or against one or more of several defendants."*

I find from an examination of the record that no motion for a new trial, or in arrest of judgment, was filed with respect to the judgment in favor of Darwin W. Marmaduke, and no appeal was taken from the judgment in his favor. The record shows that a motion for a new trial and in arrest of judgment was filed with respect to the judgment against the other defendants, and, the same having been overruled, that an appeal was taken by said other defendants from the judgment rendered against them, and that the judgment was reversed by the appellate court. But

it was not reversed, because the judgment was erroneously entered as against only three of the four defendants, when it should have been entered against all. It was reversed solely upon the ground that there was no evidence in the opinion of the court to warrant a judgment even as against the three defendants as to whom the lower court awarded judgment. Subsequently, there was a dismissal of the suit in the state court, and an action has since been brought on the same cause of action against all four of the defendants in the federal court.

Upon this state of facts I am of the opinion that the judgment in the state court in favor of D. W. Marmaduke is a bar to any further proceeding as against him on the same cause of action. The record of the suit in the state court, in my judgment, amply supports the plea of former adjudication. There has been one full and fair trial of the issue, so far as he is concerned, in the state court, and a separate judgment entered in his favor in accordance with a rule of practice that is expressly sanctioned by a statute of the state. No substantial reason has been given or can be given why the reversal of the judgment obtained against three of the defendants should operate as a reversal of the judgment entered in favor of D. W. Marmaduke. If the plaintiff desired to contest the judgment in favor of D. W. Marmaduke, he should have taken an appeal therefrom. Not having done so, that judgment is now a bar to any further proceeding on the same cause of action. There are some decisions in the state of Missouri to the effect that a judgment in a suit at law is a unit, and if reversed as to one defendant is necessarily reversed as to all. *Smith* v. *Rollins*, 25 Mo. 408; *Dickerson* v. *Chrisman*, 28 Mo. 135; *Pomeroy* v. *Betts*, 31 Mo. 419; *Insurance Co.* v. *Clover*, 36 Mo. 392. These decisions, however, have no just application to a case like the present, in which two judgments were entered in a suit at law, one in favor of a certain defendant, and the other against certain defendants, pursuant to a statute that expressly authorized such practice.