### WATSON & NEWELL *vs.* STEINAU BROTHERS.

A foreign judgment rendered against several defendants jointly, in an action in which one of them was not served with process, cannot be enforced against another of the defendants who was served with process, by an action on the judgment.

A joint judgment against several defendants being an entirety, whatever constitutes a good defence to an action thereon for one of them operates also for the benefit of the others.

DEBT on judgment. Certified from the Common Pleas Division on demurrer to a plea.

*October 24,* 1895. TILLINGHAST, J. This is an action of debt on judgment. The declaration sets out that the plaintiffs, on the 9th day of May, 1883, recovered a judgment of the Superior Court of the City of New York, against the defendants, for the sum of $2,506.89, debt and costs of suit, as by the record thereof now remaining in said court appears; which said judgment is in full force and not reversed, annulled or satisfied. Said declaration further sets out that the persons who composed said defendant firm at the time of the rendition of said judgment were Isaac Steinau, Jacob A. Steinau and Samuel J. Steinau, and that the writ in the case at bar has only been served upon Jacob Steinau. In connection with said declaration, the plaintiff has filed a paper which is styled "a transcript of judgment," and which shows among other things, that one of said defendants, viz., Samuel J. Steinau, was not summoned in the action upon which said judgment was rendered.

To this declaration the said defendant Isaac Steinau has

filed a special plea, in which he sets up the fact that said Samuel J. Steinau was not summoned or served with any process in the suit in New York upon which the judgment aforesaid was based. Therefore he prays judgment, &c. To this plea the defendant demurs.

The question presented, therefore, for our determination, is whether a judgment of a court of another State, rendered against several defendants jointly in an action where one of them was not served with process, can be enforced in this State by an action of debt thereon against *one* of the defendants who in the foreign action *was* served with process.

We think this question must be answered in the negative. From the pleadings in the case, as they now stand, it appears that the New York court rendered judgment against all of said defendants, when only two of them had been served with process. And this being so, and no statutory authority being shown for any such proceeding in that State, the record shows that said court was without jurisdiction as to said defendant Samuel J. Steinau, and that the judgment as to him was a mere nullity. The question then arises as to what effect this has on the other defendants who were served with process. While there is some conflict of authority upon this question, yet we think the rule which is established by the preponderance of authority is that the plaintiff who sues on a judgment must recover against all the defendants or none. For, the judgment being an entirety, whatever constitutes a good defence for one of the defendants operates also for the benefit of the others. *Hall* v. *Williams,* 6 Pick. 232 ; *Oakley* v. *Aspinwall,* 4 Comst. 514 ; *Richard* v. *Walton,* 12 John. 434 ; *Holbrook* v. *Murray,* 5 Wend. 161 ; *Rangely* v. *Webster,* 11 N. H. 299 ; *Knapp* v. *Abell,* 10 Allen, 485 ; *Buffum* v. *Ramsdell,* 55 Me. 252 ; *Hulme* v. *Janes,* 6 Tex. 242 ; *Brockman* v. *McDonald,* 16 Ill. 112 ; *Williams* v. *Chalfant,* 82 Ill. 218 ; *Winslow* v. *Lambard,* 57 Me. 356 ; *Burt* v. *Stevens,* 22 N. H. 229 ; *Donnelly* v. *Graham,* 77 Penn. St. 274 ; *St. Louis* v. *Gleason,* 15 Mo. App. 25 ; *Wright* v. *Andrews,* 130 Mass. 149 ; *Pratt* v. *Dow,* 56 Me. 81. See also *Frothingham* v. *Barnes,* 9 R. I. 474.

The case of *Nathanson* v. *Spitz & Adams*, Index QQ. p. 66, relied on by plaintiffs' counsel, does not affect the question here presented. In that case the action was based upon a joint contract, and we held that, under cap. 13, § 18, of the Judiciary Act, and also in view of the fact that the sheriff had made a *non est* return as to the defendant who was not served, which return practically operated as a proceeding of outlawry as to him, the action could be maintained against one of the joint contractors. This suit, however, is not based upon the joint contract of the three defendants above named, but upon a judgment rendered against them jointly, in an action where only two of them were served with process.

The demurrer is overruled and the plea sustained, and the case is remitted to the Common Pleas Division for further proceedings.

*Harry C. Curtis*, for plaintiff.

*Warren R. Perce*, for defendant.