SAMUEL C. DAVIS et al., Respondents, v. WOLF COHN et al., Appellants.

**St. Louis Court of Appeals, November 5, 1900.**

1. **Common Law Practice:** PRESUMPTION: JUDGMENT AT COMMON LAW AN ENTIRETY: PROCEDURE IN ILLINOIS: EVIDENCE. Where no statute of Illinois regulating court procedure is offered or read in evidence in a case on trial in this state, it is presumed that the common law rules of practice prevail in that state.

2. ———: ———: ———. And at common law a judgment is an entirety, good as to all parties, or bad as to all parties.

3. **Domestic Judgments:** CODE OF CIVIL PROCEDURE: COMMON LAW PROCEDURE: COLLATERAL PROCEEDING. Under our code of civil procedure, in a collateral proceeding the fact that the judgment is void as to one does not of itself vitiate it as to others. But no such rule prevails at common law.

4. ———: ———. And, in the case at bar, it was incumbent on respondents to produce a judgment valid as to all parties defendant and to show a right to recover against all.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

REVERSED AND REMANDED.

*Chester H. Krum* for appellants.

(1) The instruction asked at the close of the case of the respondents ought to have been given. There was no evi-

Davis v. Cohn.

dence as to the statutory laws of Illinois. Hence the common law rule obtained. At common law there is no liability on the part of appellants to reimburse respondents for cost, paid by them, but which were adjudged against appellants. Hence the payment was purely a voluntary one, for which there can be no recovery. There was no authority shown for the ap-pearance of attorneys for the appellants in the suit in Illinois. The burden of proof was on the respondents to show that the attorneys who claimed to represent appellants in the Illinois case had actual authority to do so, and the court erred in instructing to the contrary. Hayes v. Merkle, 67 Mo. App. 55; Marshall Livery Co. v. McKelvy, 55 Mo. App. 240; Bradley v. Welch, 100 Mo. 259. As the statutory requirement of Illinois is the source of respondents' right and their cause of action depends upon the statute, it ought to have been pleaded. This rule has been often reiterated by this court. Garrett v. Conklin, 52 Mo. App. 654; Clark v. Barnes, 58 Mo. App. 667. (2) The laws of Illinois not being in evidence, the judgment of the Illinois court read in evidence is to be considered as a judgment at common law, and respondents must recover against all or none of the appellants. Transportation Co. v. Sims, 28 Mo. App. 64-67.

*Johnson & Richards* for respondents.

(1) Appellant's claim that judgment can not be entered in this action against them alone, because the judgment of the Illinois court was against other defendants also. For the argument of this proposition, the following facts must be taken as undisputed: Judgment is rendered against six defendants in Illinois. An action on this judgment is brought against all six defendants in Missouri. There was no service on the defendants in the suit in Illinois, but the transcript of

the record shows that defendants appeared and filed an answer by attorneys, and the judgment is a personal one in Illinois. All the defendants defend the action in Missouri on the ground that they never authorized the attorneys to appear for them in Illinois. Four of the defendants clearly prove that they never authorized any appearance for them, and therefore the judgment is void as to them. Plaintiffs prove with equal clearness that the other two defendants did authorize the attorneys in question to appear and defend for them. These two had their day in court, and there is no defect in the judgment as to them. Why, then, should not plaintiffs have judgment against these two in Missouri? The reason given in Shehan & Loler Co. v. Sims, 28 Mo. App. 64, does not apply to these facts, and therefore the rule also should fail. (2) On the second appeal of this case (36 Mo. App. 224, at p. 230) the facts were much like the case at bar, and the court intimated that where one defendant in a foreign judgment could show no process or appearance as to him, the judgment might be good against the others. See, also, State ex rel. v. Tate, 109 Mo. 265; Neenan v. St. Joseph, 126 Mo. 89; Lenox v. Clarke, 52 Mo. 115; Wernecke v. Wood, 58 Mo. 352.

BLAND, P. J.—This is a suit begun before a justice of the peace to recover costs adjudged against Wolf Cohn and Louis Cohn, co-partners as W. Cohn & Bro.; Max Rubenstein, Max Bieber and G. Rubenstein, co-partners as M. Bieber & Company; Max Lipschitz and Morris Lipschitz, co-partners as M. Lipschitz & Company, and Joseph Romansky, in favor of respondents by the circuit court in and for Menard county in the state of Illinois. Max Lipschitz, Morris Lipschitz, M. Bieber, G. Rubenstein and Joseph Romansky appeared and defended the action. The other defendants were not served

Davis v. Cohn.

and did not appear.   At the trial the justice found for defendants Morris Lipschitz, G. Rubenstein and Joseph Romansky, but against Max Lipschitz and M. Bieber who appealed to the circuit court.   At the trial respondent read in evidence the Illinois judgment for costs, and testified that they had paid the same on fee bill issued against them, being costs which accrued on their part in the prosecution of the Illinois suit to judgment, and rested.   At this stage of the case the appellants asked an instruction in the nature of a demurrer to the evidence, which was refused.   They then introduced testimony tending to prove that prior to the institution of the Illinois suit the firm of Max Lipschitz & Company had been dissolved by mutual consent, and that Max Lipschitz had no knowledge whatever of the institution of the suit and did not authorize any one to appear to the suit for him.   The other partner Morris Lipschitz testified that he did not employ or authorize any attorney to appear for himself or the firm. There was no service of notice on the appellants of the pendency of the Illinois suit, but their appearance was entered by the filing of the answer by attorneys at law.   Countervailing evidence was offered in rebuttal.   The jury found that appellants had authorized the answer, or had ratified the action of the attorneys in entering their appearance.

No statute of Illinois regulating court procedure was offered or read in evidence.   It is therefore to be presumed that the common law rules of practice prevail in that state.   At common law a judgment is an entirety, good as to all, or bad as to all.   Smith's Adm'r v. Rollins, 25 Mo. 408, and cases cited.   The obligation of the defendants is joint, not joint and severable, and the plaintiff in a suit on the judgment must recover against all of the defendants or none.   1 Freeman on Judgments, sec. 439; Pratt v. Dowd, 56 Me. 81.   Two of the defendants were not served with process from the justice's

court and four of them were discharged by him on the ground that they had not been served with process from the Illinois court, nor had their appearance therein been entered with their knowledge or consent. No excuse was offered in the circuit court for not bringing in all the defendants in the judgment. Unless they were dead or beyond the jurisdiction of the court, the cause could not have been proceeded with without first bringing them in or on a showing that they could not be brought under the jurisdiction of the court. The finding of the justice in favor of some of the defendants operated to discharge the others, for a defense good as to one or more defendants was good as to all. Freman on Judgments, *supra*. As to domestic judgments it has been repeatedly held in this state that, under our code of procedure, in a collateral proceeding the fact that the judgment is void as to one defendant does not of itself vitiate it as to others. State ex rel. v. Tate, 109 Mo. 265, and cases cited; Kleiber v. Railway, 107 Mo. 240. But no such rule prevails at common law. It was incumbent on respondents to produce a judgment valid as to all of the defendants and to show a right to recover against all. To this they signally failed, wherefore the judgment is reversed and the cause remanded. All concur.