## THE STATE ex rel. FRANK BRNCIC v. PETER HUCK, Judge of Circuit Court, et al.

### In Banc, December 20, 1922.

1. **PROHIBITION: Necessary Petition: Public Nuisance: Injunction.** The petition for a writ of prohibition to prevent a circuit court from hearing and determining a writ of injunction enjoining relator from using a certain building which is alleged to be a public nuisance under the statutes forbidding the sale or manufacture of intoxicating liquors, must allege every fact requisite for the issuance of the writ, and the issues made by it and the respondent's return cannot be broadened, nor can additional issues be brought into the case by relator's reply.

2. **INJUNCTION: Public Nuisance: Insufficient Allegations: Prohibition.** In an injunction brought in the circuit court to prevent the further use of an alleged grocery store on the ground that as conducted it is a disorderly house and constitutes a public nuisance under the prohibition statutes, whether the petition locates or identifies said house, or whether it sufficiently alleges that violations of the statute are being committed at any located or identified house, or whether the temporary order is too broad, are questions that should be addressed in the first instance to the trial court, as should all other questions involving the sufficiency of the pleadings, and their insufficiencies in these respects are not matters to be corrected by the writ of prohibition directed to the circuit judge.

3. **PROHIBITION: No Local Plea to Jurisdiction.** The general rule is that an application for a writ of prohibition will not be considered unless a plea to the jurisdiction has been filed and overruled in the trial court, or such court has been asked in some form, without avail, to refrain from further proceeding or to dismiss the case. An exception is recognized when a lack or an excess of jurisdiction is apparent on the face of the record.

4. ———: **Intoxicating Liquors: Abating Nuisance: Independent Equitable Action.** Under the statute (Secs. 6594a, 6594b, Laws 1921, p. 414) declaring that any room, house, structure or place of any kind where intoxicating liquors are sold, manufactured, kept for sale or bartered in violation of law is "a public and common nuisance," an injunction brought by the prosecuting attorney in the name of the State is an independent action for the

abatement of the nuisance, to be tried as a suit in equity, and is not an action in aid of or ancillary to another proceeding, civil or criminal.

5. **NUISANCE: Power of Legislature.** The General Assembly has power to declare that to be a nuisance which is such neither *per se* nor at common law.

6. **INJUNCTION: To Prevent Crime: Public Nuisance: Bond.** A court of equity has authority to issue a temporary injunction, without bond, to enjoin a public nuisance. The right of the State to abate such nuisances by injunctive proceedings in a court of equity is beyond question, and the writ will not be withheld merely because the act or some of the acts of defendant when committed would be a crime. [Following State ex-rel. Thrash v. Lamb, 237 Mo. 437.]

   *Held*, by GRAVES, J., dissenting, with whom JAMES T. BLAIR and ELDER, JJ., concur, that the circuit court may issue a temporary injunction "restraining the defendant and all other persons from removing or in any way interfering with the liquor or fixtures or other things used in connection with the violation of this article constituting such nuisance," as in said statute (Sec. 6594b, Laws 1921, p. 421) provided, but that part of the statute relating to a temporary injunction does not deal with the house where intoxicating liquors are being sold or manufactured and kept, and the use of the house for lawful purposes, such as a grocery store, pool room, dry bar or soft drink counter, cannot be restrained by the temporary order, and a temporary order restraining the use of the house for those purposes is broader than the statute authorizes and in excess of the court's power; and to prevent this excess of jurisdiction being all that the petition for prohibition asks for, the preliminary rule should be made absolute.

7. ————: **Public Nuisance: Notice.** Jurisdiction to issue a temporary writ in injunction on behalf of the State to enjoin a public nuisance is not conditional upon the giving of a previous notice of an application therefor. The statute authorizing the prosecuting attorney to bring an action in the name of the State to enjoin a defendant from continuing to use a store or other house in which intoxicating liquors are being kept and sold contrary to law and in such manner as to constitute a public nuisance does not require the giving of a previous notice to defendant of his intention to make application to the circuit court for the temporary writ enjoining the nuisance.

8. ———: ———: **Prohibition.** Jurisdiction to issue a temporary writ to enjoin a public nuisance being present, no defect in the pleadings and no other ruling involving mere error will authorize the issuance of a writ of prohibition to prevent the circuit court from proceeding further in the case.

## Prohibition.

PRELIMINARY RULE DISCHARGED.

*Chas. G. Revelle* and *B. H. Boyer* for relator.

(1) Under the law as it existed, at least prior to the enactment of the Prohibition Statute, the commission of offenses against the liquor laws could not be enjoined by a court of equity. Ex parte Laymaster, 260 Mo. 613; State ex rel. v. Leisure Hours Social & Pastime Club, 187 S. W. 819. (2) If the Prohibition Statute authorizing the abatement of' places where liquor is manufactured or sold is constitutional, the same should be strictly construed and the constitutional rights and safeguards carefully preserved, because it constitutes a radical departure from the law as it has heretofore existed, and because it substitutes for the constitutional jury trial an extraordinary and dangerous procedure. (3) The circuit judge acted in excess of his jurisdiction in issuing the injunction in question, because neither the petition nor injunctive order designate, locate or identify any particular structure or premises against which the injunction can operate. 22 Cyc. 925; Secs. 6594a, 6594b, 6595, Laws 1921, pp. 414 to 416. (4) The injunctive order is likewise void because it enjoins relator from operating and conducting his pool room, dry bar, soft-drink counter and store, when the statute only authorizes an injunction against the unlawful manufacture, sale and storage of intoxicating liquor in such places of business. Sec. 6594b, Laws 1921, p. 415. (5) It is void for the further reason that the petition does not allege that there was pending at the time any civil

State ex rel. Brncic v. Huck.

or criminal action against relator.  Sec. 6594a, Laws 1921, p. 414; State ex rel. v. Dearing, 253 Mo. 604.  (6) It is also void because no notice or other process was served upon relator before the issuance thereof.  Secs. 6594a, 6594b, Laws 1921, pp. 414-415; Tuttle v. Lowe, 176 Mo. 158; Weeks v. United States, 232 U. S. 383, 399. (7) The injunction is not in reality a temporary ninjunction but a permanent one, and the court was without jurisdiction to issue the same without process on relator and without according him his day in court.  Sections above; State ex rel. v. Huck, 203 S. W. 485.  (8) Under the circumstances disclosed by this record prohibition is not only the proper but the only remedy available to relator.  Sec. 1967, R. S. 1919; State ex rel. v. Williams, 221 Mo. 227; State ex rel. v. Buckner, 203 S. W. 242; State ex rel. v. Riley, 203 Mo. 175; State ex rel. v. Fort, 210 Mo. 512; State ex rel. v. Duncan, 195 Mo. App. 541.

*Jesse W. Barrett*, Attorney-General, *Marshall Campbell*, Special Assistant Attorney-General, and *Henry Davis*, Assistant Attorney-General, for respondents.

(1)  The abatement of a nuisance by injunctive process does not violate any of the provisions of the Constitution of the State of Missouri or of the Constitution of the United States.  State ex rel. v. Canty, 207 Mo. 439, 454; State ex rel. v. Lamb, 237 Mo. 437, 456. (2)  The Legislature has the power to declare that to be a nuisance which was not such at common law.  State v. Tower, 185 Mo. 79; State ex rel. Tibbels v. Iden, 221 S. W. 781.  (3)  The petition for the writ of injunction sufficiently described the property and the building at which the alleged nuisance was maintained.  State ex rel. v. Canty, 207 Mo. 439, 443.  (4)  The writ granted by the respondent judge is a temporary one, as it specifically states.  Sec. 6594b, Laws 1921, p. 415; State ex rel. McMahon v. Huck, 203 S. W. 485.  (5)  It is not a condition precedent to the issuance of a writ of in-

junction that there shall be pending a civil or criminal action against the defendant. Sec. 6594b, Laws 1921, p. 415. (6) Temporary writs of injunction and restraining orders may be granted without notice to the defendant. Secs. 1952, 1967, R. S. 1919; Tuttle v. Blow, 176 Mo. 158, 171; State ex rel. v. Woodside, 254 Mo. 580, 591; State ex rel. v. McQuillin, 256 Mo. 693, 707; State ex rel. v. Dearing, 236 S. W. 629. (7) The petition for the writ of injunction was properly verified by the prosecuting attorney. The Osprey v. Jenkins, 9 Mo. 643; State v. Lamb, 234 Mo. 437, 445. (8) Questions as to the legal sufficiency of a petition for an injunction and whether the order made is too broad should, in the first instance, be addressed to the circuit court before applying to the Supreme Court for a writ of prohibition. State ex rel. v. Lamb, 237 Mo. 437, 457; State ex rel. v. McQuillin, 256 Mo. 693, 704; State ex rel. v. McQuillin, 260 Mo. 164, 176; State ex rel. v. Aloe, 152 Mo. 466, 484. (9) Where a court has jurisdiction and is proceeding as is prescribed by law, errors in construing pleadings are reviewable only by appeal or writ of error, and prohibition will not lie. State ex rel. Harrington v. Pratt, 183 Mo. App. 209; State ex rel. Fenn v. McQuillin, 256 Mo. 693, 704; State ex rel. v. Riley, 127 Mo. App. 469, 476; State ex rel. v. Tracy, 237 Mo. 116. (10) The writ of injunction is not broader than was authorized. State ex rel. v. Lamb, 237 Mo. 437, 445.

HIGBEE, J.—On the application of relator we issued a preliminary rule prohibiting the respondent Huck, Judge of the 27th Judicial Circuit, the Prosecuting Attorney and the Sheriff of St. Francois County, from taking cognizance of a certain injunction proceeding pending in the circuit court of said county. It will not be necessary to set out the return.

On September 17, 1921, W. E. Coffer, Prosecuting Attorney of St. Francois County, filed in the circuit court of said county a verified petition alleging, *inter alia,*

that Frank Brncic since January 1, 1921, has continuously occupied a building situate on leased lot No.—, in block No. —, in the town of Desloge in said county in which he has since said date run and operated a pretended grocery store, dry bar and pool room, and that he has in fact openly and continuously engaged in the unlawful manufacturing, keeping, storing, selling and giving away intoxicating liquor, such as whiskey, wine, beer and other alcoholic liquors, containing in excess of one-half of one per cent of alcohol by volume, at said place, on each day of the week, including Sunday, up to the filing of this petition, and permitted gambling and allowed persons to congregate at said place for the purpose of gambling and buying, receiving and using intoxicating liquors for beverage purposes; that large numbers of idle, turbulent, dissolute and immoral persons addicted to the excessive use of ardent spirits assemble at said place, by reason whereof much disorderly conduct has occurred in and around said premises and that said place is a public nuisance. The petition prayed a temporary injunction pending the final hearing of the cause.

The temporary writ, after reciting briefly the substance of the averments of the petition, proceeds: "and it appearing that the plaintiff is entitled to the relief prayed for, it is by the court hereby ordered, adjudged and decreed that a temporary writ of injunction be, and the same is hereby granted in favor of the plaintiff and against the defendant herein, enjoining the defendant herein, his agents, employees, confederates and all other persons from continuing the running and operating [of] the pool room, dry bar or soft drink counter and store mentioned in said petition, and the selling, manufacturing, possessing, bartering, giving away, or otherwise disposing of or handling of any kinds of intoxicating liquors, or alcoholic liquids containing in excess of one-half of one per centum by volume of alcohol, at said pool room, soft drink counter, or dry bar, and store, or any other place

in the County of St. Francois and the State of Missouri, until the further order of this court.''

In relator's suggestion for the writ of prohibition, it is claimed that the order is in excess of the jurisdiction of the court because:

1.   It enjoins relator from conducting any grocery store, soft drink counter, etc., and the petition fails to locate or identify such grocery store or allege that any violations of the liquor law are being committed at any grocery store, etc.

2.   No notice was given to relator of the presentation of the petition.

3.   Relator has not been served with legal process and no criminal or civil action is pending against relator charging him with a violation of the liquor laws of the State.

4.   Although no such proceeding is pending against relator, the order fails to designate any time or place when relator may be heard in relation to the matters mentioned.

Relator's reply to respondents' return to the preliminary writ moves the court to make permanent the writ of prohibition because (a) the writ was issued without notice; (b) the bill is based solely upon information and belief of the prosecuting attorney; (c) it is based on mere suspicion and not supported by affidavit of any person of any fact; (d) the legal effect of this proceeding is a violation of Section 30, Article II of the Constitution of Missouri; (e) to enforce same would be to deprive relator of his liberty or property without due process of law; (f) it is an attempt to convert the equity side of the court into a criminal court and deprive him of the right of trial by jury as provided by Sections 22 and 28, Article II, of the Constitution of Missouri; (g) it is a violation of relator's rights under the fifth and sixth amendments to the Constitution of the United States, and Section 12, Article II, of the Constitution of Missouri; (h) it is an attempt to evade the guarantees

of Section 12, Article II, of the Constitution of Missouri in that relator is being prosecuted as for a crime by a bill in equity, which can only be done by indictment or information; (i) it is violative of Section 15, Article II, of the Constitution of Missouri in that it seeks to give a retrospective operation to the prohibition statute; (j) the proceeding seeks to operate under the prohibitive statute with regard to injunction as though it were a complete code, when the injunctive provision under said statute is simply a part of the general code pertaining to injunction, and (k) the place sought to be enjoined is not described.

I.   Relator's petition alleges certain grounds for the issuance of the preliminary rule which have been set out. The petition for the writ must allege every fact requisite for its issuance. [32 Cyc. 625.] The issues made upon the petition and the respondent's return cannot be broadened, nor can additional issues be brought into the case by the relator's reply. We will, therefore, confine ourselves to the issues made by petition and the return. We may say, however, that as early as the year 1847 this court held that the sale of intoxicating liquor is by law illegal and not a privilege of a citizen of this or any other State; there is no "provision in our Constitution which would prevent the Legislature from prohibiting dram-selling entirely; nor have the Legislature been prevented from placing such restrictions upon this business as they may think fit." [Austin v. State, 10 Mo. 591, 593.] "It is fundamental that no one has a natural right to sell intoxicating liquor, because the tendency of its use is to deprave public morals, and to do so without a license from proper authority is unlawful." [State v. Seebold, 192 Mo. 720, 727, and cases cited.]

*Necessary Petition.*

II.   There is no merit in the contention that the petition for injunction does not locate or identify any alleged

grocery store, or allege that violations of the liquor law are being committed at any grocery store, etc., located or identified. The sufficiency of the plead-
**Insufficient Pleadings.** ings and whether the order made is too broad, are questions which should, in the first instance, be addressed to the circuit court and are matters for correction there upon proper application. [State ex rel. v. Lamb, 237 Mo. 437, foot 457.]

In State ex rel. v. Tracy, 237 Mo. 109, l. c. 121, we said:

"It is contended by relator that the information fails to state a cause of action and therefore that the court is without jurisdiction and the writ should be issued for that reason, especially in view of the number of informations pending and about to be filed. This position is clearly untenable and no authority is cited in its support. If the lower court has jurisdiction of the class of cases to which the said prosecutions belong, then there can be no doubt of its jurisdiction to determine the sufficiency of the information, leaving the losing party the right to have such judgment reviewed on appeal. It stands admitted in this record that the police court has exclusive jurisdiction of all cases for the violation of city ordinances and that the prosecutions complained of are for the alleged violations of said ordinances. It follows that said court must have the right to determine whether the informations coming before it charge or fail to charge a violation of said ordinances, and the writ of prohibition 'cannot be rightly employed to compel a judicial officer, having full jurisdiction over the parties and a cause, to steer his official course by the judgment of some other judge, or to substitute the opinion of another court for his own in dealing with the topics committed by the law to his decision.' "

III. The general rule is that an application for a writ of prohibition will not be considered unless a plea to the jurisdiction has been filed and overruled in the lower

court, or the inferior court has been asked in some form, without avail, to refrain from further proceeding or to dismiss the same. [32 Cyc. 624.] This was not done in this case. An exception to this rule is recognized where a want or excess of jurisdiction is apparent on the face of the record. [State ex rel. v. Dearing, 184 Mo. 647.] From an examination of the record, it will be seen that this case falls within the general rule.

No Plea to Jurisdiction.

IV. The injunction was sought under the statute regulating the use or possession of intoxicating liquors and defining a nuisance.

"Any room, house, . . . structure or place of any kind where intoxicating liquor is sold, manufactured, kept for sale or bartered in violation of this article . . . is hereby declared to be a public and common nuisance." [Sec. 6594a, Laws 1921, p. 414.]

Section 6594b authorizes the Attorney-General, prosecuting attorney or any prohibition enforcement officer to bring an action in the name of the State to enjoin such nuisance. Such action may be brought and tried as an action in equity in any court having jurisdiction. If it is made to appear by affidavit or otherwise, to the satisfaction of the court or judge in vacation, that such nuisance exists, a temporary writ shall forthwith issue restraining the defendant from conducting or maintaining any such nuisance until the conclusion of the trial. No bond shall be required in instituting such proceedings. On finding that the material allegations are true, the court shall order that no liquors shall be manufactured, sold, bartered, stored or kept in any such room, house or building, etc.

The action so authorized is an independent action for the purpose of abating the nuisance complained of; it is not an action in aid of or ancillary to another proceeding, either civil or criminal, as contended by learned counsel. The petition was duly verified. The act per-

emptorily required the issuance of a temporary injunc-
tion restraining the defendant from conducting or main-
taining any such nuisance until the conclusion of the
trial.

It is not questioned that the Legislature has power
to declare that to be a nuisance which is neither such
*per se* nor such at common law. [State v. Tower, 185
Mo. 79; State ex rel. Tibbels v. Iden, 221 S. W. 781.]

V. On the motion of the relator for judgment, the
facts well pleaded are taken as confessed. We have dis-
tinctly held, under substantially similar averments, that
a court of equity has authority to issue a temporary in-
junction without bond to enjoin a public nuisance; that
the right of the State to abate such
nuisance by injunction proceedings in
a court of equity is beyond question
and the writ will not be withheld merely
because the act or some of them when committed, would
be a crime. In State ex rel. Thrash v. Lamb, 237 Mo. 437,
l. c. 456, we said:

Injunction to
Enjoin Public
Nuisance: Crime.

"Relators concede, on this record, for the purposes
of this case, that they were conducting a sham restau-
rant, where, under the guise of a legitimate, licensed
business, they were openly selling liquor in violation
of law, and they point triumphantly, in oral argument,
to the fact that so far they have escaped conviction
for such offense in the various criminal prosecutions
heretofore instituted by the State. They concede, further,
that their place of business, by reason of the illegal prac-
tices therein permitted, has become the resort of idlers
and dissolute, immoral and dangerous persons, whose con-
tinuous disorderly conduct tends to the injury of the
public morals, peace and welfare. Such conduct, as the
court found, constituted a continuing public nuisance. The
relators, without denying the facts alleged in the bill, or
disputing seriously the conclusion that they constitute
such nuisance, seek to separate the elements which, to-

gether, constitute this nuisance, and insist that the court has no jurisdiction to enjoin either element so segregated. Relators' propositions are that the court cannot lawfully enjoin (a) the commission of a crime, i. e., the illegal sale of liquors, or (b) the business of conducting a restaurant. The State is seeking by means of injunction to close this place, not primarily because of the illegal sale of liquor, nor because of the operation of a sham restaurant. These things are pleaded as the facts which underlie the nuisance, namely, a disorderly house. The bill for injunction is bottomed on our ruling in the case of State ex rel. v. Canty, 207 Mo. 439, and seeks to restrain a public nuisance. The fact that this alleged nuisance involves selling liquor in violation of law, an offense that may be prosecuted under the criminal law, will not prevent an injunction against the nuisance. We have ruled many times that injunction will not lie to prevent the commission of a crime. We said in the Canty Case, speaking through WOODSON, J., that 'this court has uniformly held that a court of equity has no jurisdiction to enjoin the commission of a crime;' but Judge WOODSON said further in that case (l. c. 459): 'The contention of respondents that a court of equity has no jurisdiction to abate a public nuisance where the offenders are amenable to the criminal laws of the State, is not tenable.' And the court, speaking further, through VALLIANT, J., says (l. c. 460): 'A court of equity will not undertake to enforce the criminal law; therefore it will not enjoin the commission of a threatened act merely because the act would be a crime, but, on the other hand, neither will it withhold its equitable relief in a case in which, for other reasons, it has jurisdiction, merely because the act when committed would be a crime.'

"There can be no serious contention that this injunction forbids a legitimate lunch business, in face of the record admission that the restaurant is a mere sham and subterfuge for the sale of liquor, but we apprehend that a lunch business, whether genuine or not, operated in

connection with a public nuisance, and as one of its elements, would not so leave the whole as to save it from abatement. If this petition states a case at all, it states a public nuisance, and we think the facts therein alleged justify the discretion exercised by the State's attorney in bringing the suit.''

This fits the case as the glove the hand, and disposes adversely of all of the relator's contentions save that of want of notice.

VI. There is no merit in the complaint that the temporary injunction was without notice. The statute does not require notice. Temporary writs of injunction may be granted without notice to the defendant. [Secs. 1952, 1967, R. S. 1919.]

*Notice.*

In State ex rel. v. Lamb, supra, l. c. 459, we said: "In view of the fact that upon the record here there is no denial of the facts set up in the bill for injunction, we do not see how the relators were injured by reason of the failure to give notice."

Jurisdiction to issue the writ is not conditioned upon the giving of a previous notice of an application therefor. This was not an injunction to stay proceedings. [State ex rel. v. Woodside, 254 Mo. 580, 591.]

In State ex rel. v. McQuillin, 262 Mo. 256, 269, LAMM, C. J., said:

"'On prohibition the determinative question here is not one of mere pleading below, where pleadings are amendable (and often need amendment). It rises to the dignity of one of jurisdiction in the strictest sense. In that view of it, in the Schubach-McDonald Case, 179 Mo. l. c. 182, are pertinent observations, viz.:

" 'The matter, therefore, compresses itself into the question whether or not a basic subject-matter, over which a court of equity has jurisdiction, was presented to the circuit court for adjudication by the injunction suits. That is, whether a matter was presented which that court has power to deal with, and not whether such

a matter was inartificially or defectively presented.   In other words, the question is one of jurisdiction and not of pleading, for if the court had jurisdiction over the subject-matter, it had the power to decide whether the pleadings are or were not properly drawn, and also to decide whether or not the plaintiff was entitled to the relief sought.   If a court has the power to act, its jurisdiction is in nowise impaired by the consideration whether it acted in accordance with the law or erroneously. Given the jurisdiction, all else is a mere matter of error, to be corrected on appeal.   Or, further illustrated, if the court has jurisdiction over the subject-matter, it has the power to decide whether the petition does or does not state a cause of action, and the mere failure of a petition to state a cause of action or the defective statement of a good cause of action, in no way affects the jurisdiction of the court.' "

From the foregoing considerations, it results that the preliminary rule must be quashed and the writ denied. It is so ordered.   *Woodson, C. J., Walker* and *David E. Blair, JJ.,* concur; *Graves, J.,* dissents in separate opinion, in which *Elder* and *James T. Blair, JJ.,* concur.

GRAVES, J. (dissenting).—I dissent in this case for the following reasons.   I think the restraining order is broader than is allowed by the State Prohibition Act. [Laws 1921, p. 413 et. seq.]   By Section 6594a a house or other place where liquors containing one-half of one per cent or more of alcohol are either manufactured or sold may be declared and constitute a public and common nuisance, and one who maintains such a nuisance is guilty of a misdemeanor.   This section relates solely to crimes, criminal prosecutions, and the method of collecting the fines imposed.

Section 6594b is the one which provides for abating the nuisance by court actions in equity.   It sets up a practice different in some respects to the old equity practice.   Nuisances could always be abated in equity.   In

such actions there might be (1) a temporary writ of injunction, and (2) a trial and permanent injunction. The statute does not change this ancient practice. It occurs to me, however, that it limits the scope of the temporary order. The statute on this point reads:

"If it is made to appear by affidavit, or otherwise to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or maintaining any such nuisance until the conclusion of the trial. *Where a temporary injunction is prayed for, the court may issue an order restraining the defendant* and all other persons from removing or in any way interfering with the liquor or fixtures, or other things used in connection with the violation of this article constituting such nuisance."

This preliminary injunction touches nothing except to cease violation of the liquor laws, and removal of "the liquor or fixtures used in connection with the violation of this article constituting such nuisance."

The temporary injunction does not deal with the house at all, under this statute. It may be used for lawful purposes pending the temporary injunction. When the final hearing is had, then if the allegations of the petition be found true, the court may, under this new law, order that the house be not used for a term not to exceed one year. The point is that under the temporary order the use of the house for lawful purpose cannot be restrained. This temporary order, as appears by the excerpt in the majority opinion shows that the defendant was restrained from running "the pool room, dry bar or soft drink counter and store mentioned in said petition." The store mentioned in the petition was a "grocery store." Then follows the injunction against the liquor business. This latter part of the order is good. No one denies that the law-makers can and have made the manufacture and sale of liquors unlawful, and provide both civil and criminal proceedings to meet the situation. But

here we have a part of the temporary restraining order covering things that all citizens have the legal right to do.

By compliance with given statutes the running of a pool room is lawful. The running of a grocery store is lawful. The running of what we understand to be "a soft drink parlor" is lawful. As to these matters the order made is broader than, and beyond, the law under which it is made. To this extent the execution of the order should be prohibited, because in excess of the court's powers under the statute.

This is all that is asked for in the petition for our writ of prohibition. It was with this in view that we granted the preliminary rule, and upon this such rule should be made absolute. *Elder* and *James T. Blair*, *JJ.*, concur in these views.