STATE OF MISSOURI EX REL. AMANDA FECHTLING v. HONORABLE V. C. ROSE, AS JUDGE OF THE CIRCUIT COURT OF PUTNAM COUNTY, MISSOURI.—189 S. W. (2d) 425.

Kansas City Court of Appeals. June 11, 1945.

*M. D. Campbell* and *Philip J. Fowler* for relatrix.

*Edward M. Jayne* for respondent.

SPERRY, C.—This is an original proceeding in prohibition in which relatrix, Amanda Fechtling, seeks this court's writ prohibiting respondent, judge of the Circuit Court of Putnam County from pro-

ceeding further in a certain cause pending in said Circuit Court in which she is plaintiff and Ardie Fechtling, Pearl Fechtling, Bernic Fechtling and Carrie M. Sanders are defendants.

The petition for the writ charged that relatrix and F. S. Fechtling were married on September 24, 1941, and continued to live together as husband and wife until his death on October 23, 1942; that said Fechtling died intestate and was survived by plaintiff, his widow, and his four children of a former marriage who are the defendants in the above mentioned suit; that at the time of his death said Fechtling was the owner and in possession of 2200 acres of land in Putnam County, and the owner and in possession of approximately 30 acres of land in Adair County, all of which land being specifically described in the petition; that all of said land was conveyed to Fechtling by instruments of conveyance prior to the aforesaid marriage; that said instruments were recorded in the office of the recorder of deeds for the respective counties prior to said marriage; that at all times mentioned in said petition there was a dwelling house, barn and other buildings used in connection therewith on the lands in Adair County; that relatrix and her husband had their home and residence in the said dwelling house during their entire married life; that in May, 1943, relatrix brought a suit in the Circuit Court of Putnam County by the filing of her petition in the office of the circuit clerk of said county in which petition it was alleged that she and the said Fechtling were married as aforesaid; that he died at the time aforesaid; that he was survived by the four children who were made defendants in the said action as above alleged; that from the time of said marriage until his death she and the said husband lived together in a dwelling house situated upon the aforesaid land in Adair County, which lands had been conveyed to her said husband prior to their marriage; and that said conveyance had been recorded in the office of the recorder of deeds in Adair County prior to said marriage. She further alleges that thereafter she filed amended petition in said cause in which she alleged all the foregoing facts relating to the marriage and death of her husband, residence in said dwelling house situated upon said land in Adair County, the recording of the conveyance of said land to her husband, that her said husband was the owner of said lands, that she was entitled to have a homestead set off to her in said lands, that she was entitled to both dower and homestead in all of the lands described in her petition and prayed that her homestead be set off to her and her dower admeasured; that the defendants in the said action filed answer to said amended petition in which it was stated that relatrix owned homestead in said lands in Adair County, and dower in the other lands described in the petition; that thereupon, on September 4, 1943, said Circuit Court entered upon its record an order in which it was recited that it did appoint three commissioners to set off to relatrix dower and homestead in the aforesaid lands; that

afterwards, on September 4, 1943, said commissioners filed with the clerk of said Circuit Court their report in writing in which it was stated that they set off to relatrix, as her homestead, one acre of the aforesaid lands in Adair County, on which was located the dwelling house occupied by her and her husband in his lifetime, specifically described said acre by metes and bounds, and did set off to plaintiff, as her dower, the remaining part of said lands in Adair County; that thereafter, on September 9, 1944, the said Circuit Court entered upon its record an order in which it was recited that the report of said commissioners was approved and said cause was set down for final hearing and judgment for October 30, 1944; that during the hearing of the report of said commissioners relatrix stated in open court that she dismissed her said action and thereupon the court entered upon its records an order in which it was recited that the court refused to permit her to dismiss her said action; that thereupon, on the same day, relatrix requested the court, of its own motion, to dismiss said action for the reason that it did not have jurisdiction of the subject matter because said court could not set out a homestead and dower to the relatrix in lands in Adair County, which request the court, by its order of record, denied, and then and there held that it had jurisdiction of the subject matter of the action; that respondent at all the times mentioned in the said petition was the duly qualified and acting judge of the Circuit Court of Putnam County and that the reasonable market value of her homestead and dower in the said lands is $5000; that the said Circuit Court of Putnam County lacked power and jurisdiction of the subject matter of said action for the reason that it did not have power to set out homestead or dower in lands in Adair County or to set out dower in any of said lands; that said Circuit Court held that it had jurisdiction of the subject matter in said action and that it would proceed to final judgment and determine the same on October 30, 1944, and enter judgment to the effect that relatrix has homestead right and interest in the aforesaid one acre in Adair County and dower in the remaining part of the Adair County lands unless restrained from so doing. The petition asks for a preliminary rule prohibiting respondent from proceeding further in the action.

The preliminary writ was issued as prayed and thereafter, on December 4, respondent filed in this court his return thereto in which he stated that writ of prohibition should not issue; that the suit brought in 1943 was a suit in partition of real estate, that respondent acquired jurisdiction of the action, that the majority of the land mentioned in the petition in said suit was located in Putnam County, that the majority of those in interest resided in said county, that all the parties appeared in said action, that the defendants therein filed an answer praying the court to determine the rights of plaintiff in the land described in her petition and amended petition, that the

parties to the action appeared and without objection submitted the matters in issue between them, that a trial was had and an interlocutory order entered wherein it was held that relatrix herein was seized of a dower during her natural life of one third of said real estate and a homestead on a portion of the same, and that commissioners were appointed to determine and set apart to her the share to which she was entitled. Respondent further alleged that relatrix accepted said interlocutory judgment as a judicial order in the cause and by her conduct in the case waived any question of the court's jurisdiction to decide said cause; that the respondent acquired jurisdiction of all the property described in the petition and of the parties to said action, and jurisdiction to enter every order that was made and to approve the report of respondent's commissioners setting off a homestead and dower to relatrix.

The return does not deny any allegations of the petition. It charges the suit brought in 1943 was a suit for partition of real estate; that an amended petition was filed to which the defendant filed answer praying the court to determine the rights of plaintiff; that a trial was had and an interlocutory judgment entered; that plaintiff had dower and homestead; that commissioners were appointed to set out such dower and homestead; and that he had power to approve the report.

To this return relatrix filed motion for judgment on the pleadings but before further proceedings were had respondent was granted leave to and did file an amended return whereby the original petition, filed in Circuit Court by relator, then plaintiff, was attached to and became a part of his return. Thereupon relatrix refiled her motion for judgment on the pleadings.

Under the procedure here followed the facts well pleaded in the return, together with undenied allegations of the petition, are taken as true. Concisely, they constitute an agreed statement of facts. [State ex rel. v. Duncan, 68 S. W. (2d) 679, l. c. 681.] However, conclusions stated in the petition and return will be disregarded and treated as though not appearing therein. [Baker v. Lamar, 140 S. W. (2d) 31; State v. Sevier, 92 S. W. (2d) 102; Miller v. Bennett, 172 S. W. (2d) 960, l. c. 964.]

The return does not contain a denial of any allegation of facts contained in the amended petition, nor does it set up any new and additional facts of consequence, excepting that the original petition filed by relatrix stated a cause of action in partition. Conceding that it did, it is not material to the issues in this case for the reason that the original petition was abandoned by the filing of an amended petition. Thereafter, defendants answered the amended petition and the case must proceed on the issues thus formulated. The original petition cannot be considered for any purpose. [State ex rel. Johnston v. Hiller et al., 295 S. W. 132, l. c. 133; New First National Bank v. C. L. Rhodes Produce Company, 58 S. W. (2d) 742, l. c. 744;

Leis v. Massachusetts Bonding & Insurance Company, 125 S. W. (2d) 906, l. c. 908.] The rule is that the amended petition relates back to the institution of the suit. [Cindrick v. Scott et al., 42 S. W. (2d) 957, l. c. 958; Lumber Company v. Realty Company, 171 Mo. App. 614, l. c. 629.] If the cause stated in the amended petition is the same as that stated in the original petition, then the amended petition relates back to the time when the suit was originally filed. If the cause stated in the amended petition is a different one from that stated in the original petition then the first cause stated was thereby abandoned and became of no consequence whatever. Defendants by answering the amended petition without objection waived any departure from the original cause of action stated. They are bound thereby; and the issues thus made were the only issues before respondent. [Cindrick v. Scott et al., *supra*, l. c. 959.] A different holding would give sanction to a rule whereby the parties could confer jurisdiction on any court at will, regardless of statutory or constitutional limitations, by the simple expediant of following the procedure herein.

The subject matter of the action pending before respondent is the assignment to relatrix of homestead and dower in lands admittedly located in Adair County, the location of the principal messuage. Respondent, Circuit Judge of Putnam County, lacks jurisdiction of the subject matter (Section 342 Revised Statutes Missouri 1939) and such jurisdiction may not be conferred by consent of the parties. [Brown v. Woody, Adm'r. 64 Mo. 547, l. c. 551; State ex rel. Lambert v. Flynn, 154 S. W. (2d), 52, l. c. 57.] It is alleged in the petition before us, and not denied in the return, that respondent purposes to render final judgment setting out dower and homestead. Since he lacks jurisdiction to render said judgment he should be prohibited and restrained from so doing, and from further proceeding therein. [State ex rel. Lambert v. Flynn, *supra*.]

Our provisional rule should be made absolute. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion of Sperry, C., is adopted as the opinion of the court. Our preliminary writ of prohibition is made permanent and respondent is hereby prohibited and enjoined from proceeding further in the cause. All concur.