350 So.2d 481 (1977)
FLORIDA FIRST NATIONAL BANK OF JACKSONVILLE, a Corporation, Appellant,
v.
Alfred DuPont DENT and Andrew G.P. Hobbs, Individually and Trading and Doing Business As Computer Institute of North America, Inc., Appellees.
No. DD-203.
District Court of Appeal of Florida, First District.
September 13, 1977.
Rehearing Denied October 27, 1977.
*482 John W. Harrell of Harrell & Perrine, and David W. Foerster of Foerster & Hodge, Jacksonville, for appellant.
John F. Fannin of Milam & Wilbur, Jacksonville, for appellees.
SMITH, Acting Chief Judge.
Florida First National Bank of Jacksonville appeals from an adverse final judgment entered on a directed jury verdict for appellees Dent and Hobbs at the close of the Bank's case. The Bank's fourth amended complaint, insofar as here pertinent, asserted in three counts (1) that appellees are liable individually and as partners "doing business in the name of Computer Institute of North America, Inc.," for rentals and the cost of leasehold improvements under a lease by the Bank to Computer Institute of North America, Inc.; (2) that appellees are liable as guarantors of Computer Institute's obligations by virtue of a guaranty instrument executed October 2, 1969, six weeks after the date of the lease; and (3) that appellees are individually liable under another guaranty instrument executed by them May 3, 1971. The principal issue before us is whether the trial court erred in excluding from evidence, when offered by the Bank, the purported lease agreement between the Bank, as landlord, and Computer Institute of North America, Inc., as tenant. When that evidence was excluded, the Bank offered no further evidence.
The Bank's appeal does not preserve by argument any error in the trial court's dismissal of count 3 before trial. That count was dismissed for failure to state a cause of action in that the exhibited guaranty instrument of May 1971, though containing purported undertakings by the Bank in consideration of appellees' guaranty, was not executed in any fashion by the Bank. The Bank's brief simply states, in argument of the trial court's asserted error *483 in refusing to admit the lease document, that "the trial court was in error" in dismissing count 3. The Bank refers to no assignment of error and submits no argument in support of that conclusion to which appellees could conceivably have been required to respond. The point is waived. See Fla.App.R. 3.7f(4) and 3.7i.
Following extended proceedings in the trial court to settle the pleadings, and on an order and counsel's pretrial stipulation defining the issues for trial, a jury was impaneled to try the issues of whether the appellees "in their individual capacity and also as partners doing business in the name of Computer Institute of North America, Inc." are liable to the Bank under the lease document for performance of the tenant's obligations; and, alternatively, whether appellees are liable, by virtue of the October 1969 guaranty instrument they executed, for performance of the tenant's obligations under the lease document. The Bank's case collapsed when the court excluded the purported lease document which was the foundation of count 1. Appellees' answer had denied the Bank's execution of the lease, thus putting the Bank to proof, and had specifically averred the lease was not executed in behalf of the Bank by one authorized to do so. The trial court held the lease document inadmissible because it was not executed in behalf of the Bank by an agent "in the presence of two subscribing witnesses," Section 689.01, Florida Statutes (1969), and it was not signed by the Bank's "president or any vice-president or chief executive officer." Section 692.01, Florida Statutes (1969). The lease document was purportedly executed in behalf of the Bank by an assistant vice-president without subscribing witnesses. The Bank offered no proof that the Bank had authorized its assistant vice-president to execute a lease in its name. We agree with the trial court that an assistant vice-president is not a vice-president whose presumed authority to execute a lease for a bank is derived from Section 692.01.
As a result of confusion in the Bank's pleading and proof, the trial court mistook the question of the admissibility of the irregularly-executed lease document as a question of its legal effect. If the Bank's case rests entirely on the efficacy of the lease document, it fails for lack of execution by the Bank. But even under the narrow theory of liability on which the Bank's case against appellees went to trial, the lease document was admissible in evidence to show the unenforceable obligations of Computer Institute of North America, Inc., which appellees allegedly guaranteed by the guaranty instrument dated October 1969. Appellees' answer raises serious and unresolved doubts of whether that guaranty instrument was intended to guarantee performance of the tenant's obligations under the lease document, but the guaranty was a pleaded theory of liability which the trial court foreclosed by excluding the lease document from evidence. There are circumstances in which a guaranty agreement is enforceable against a party to secure performance of obligations under a prior instrument which is itself unenforceable. See Warren v. Tampa Mtg. Inv. Co., 112 Fla. 555, 150 So. 738 (1933); 38 C.J.S. Guaranty § 16 (1943); 38 Am.Jur.2d Guaranty § 52 (1968). The trial court erred in excluding the lease document from evidence and the error is reviewable on appeal from the final judgment notwithstanding that, in the ensuing disarray, the Bank did not clearly offer the October 1969 guaranty instrument which allegedly imposed on appellees the tenant's unenforceable obligations under the lease document.
Given the state of the pleadings and the stipulation of narrow issues on which this case went to trial, the trial court surely did not err in declining to receive evidence supporting count 1 that the corporate tenant (and, allegedly, appellees) went into occupancy under the lease and by that conduct validated it. Although the fourth amended complaint contains jurisdictional allegations to the effect appellees did business in Florida by taking occupancy under the lease in Jacksonville, Section 48.181, Florida Statutes, the trial court separately tried the jurisdictional issues and determined *484 them favorably to the Bank in advance of the trial on the merits. On the Bank's motion the court thereafter struck from appellees' answer to the fourth amended complaint their denial of the occupancy allegations which might have preserved for trial an issue of appellees' ratification of the lease document. On further consideration of this protracted litigation, the trial court may in its discretion determine whether the Bank should be permitted further pleading to relieve its failure to allege and preserve a theory of liability under count 1 resting on appellees' asserted occupancy individually or as partners "doing business in the name of Computer Institute of North America, Inc."
On remand the trial court may accept as having been fairly tried and determined, and as the law of the case, that appellees have prevailed on counts 1 and 3 as pleaded. The trial court's ruling which dismissed count 3, predicated on the guaranty instrument dated May 1971, shall not be revisited. The legal and factual issues on count 2, not here passed on, shall be determined by the trial court. The Bank's further pleading of count 1 on the issue of appellees' occupancy shall be in the informed discretion of the trial court.
REVERSED and REMANDED.
CREWS, JOHN J., Associate Judge, concurs.
ERVIN, J., concurring in part and dissenting in part.
ERVIN, Judge (concurring in part and dissenting in part):
I concur in the dismissal of count three of the Bank's amended complaint. That cause of action, based on the second guaranty agreement, must fail because it was not signed at all by any representative of the Bank.
I dissent, however, to the majority's treatment of count one. The lease agreement was signed by the Bank's assistant vice-president and attested by only one signature. Section 698.01, Florida Statutes (1969), did indeed require two subscribing witnesses. But that section expressly allowed an alternate method of conveyance  by Sections 692.01 and 692.02. Those sections required, and require, only execution by a corporate president, "any vice-president" or the chief executive officer, and the impression of the corporate seal.
It is my belief that the common and ordinary meaning attributable to the words "any vice-president" includes an assistant vice-president. "Any" is all inclusive, without limitation. I see a distinction between "a vice-president" and "any vice-president". The latter is broader and logically seems to have been intended by the legislature to include such junior officers as here.
I, of course, concur in the majority's finding that the guaranty agreement entered into after the signing of the lease, the subject of count two, is admissible.