STATE of Missouri ex rel. SPECIALTY FOAM PRODUCTS, INC., Relator,

v.

Honorable James H. KEET, Jr., Respondent.

No. 10629.

Missouri Court of Appeals, Southern District.

Feb. 5, 1979.

Motion to Vacate Opinion and Quash the Writ or for Rehearing or Transfer Denied March 28, 1979.

Application to Transfer Denied May 17, 1979.

William A. Wear, Jr., Wear & Wear, Springfield, for relator.

Arch M. Skelton, Springfield, for respondent.

HOGAN, Judge.

This is an original action in prohibition, commenced by the relator as defendant in an action pending in the Circuit Court of Greene County. The relator's ground for seeking prohibition was that the procedure followed in commencing the action by attachment, or more accurately garnishment in aid of attachment, did not comport with the requirements of procedural due process as first articulated by the Supreme Court of the United States in *Sniadach v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and subsequently developed in *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972); *Mitchell v. W. T. Grant Co.,* 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974) and *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975).[1] The petitioner supplied docket entries, which we were willing to construe as orders sufficient to justify a journal entry, *Sears v. Norman,* 543 S.W.2d 300, 304[7] (Mo.App.1976), and our preliminary rule issued because it appeared that the writ effecting the prejudgment seizure had issued without prior *or* contemporaneous notice to the relator, and without the participation of any judicial officer.

 The cause vividly illustrates the pitfalls and deficiencies of writ practice. The petition, twice "supplemented," is drawn in most conclusory language; the return, though adequate, undertakes to go into the merits of the cause. This is true

1. The prejudgment seizure with which we are concerned is a "security" seizure rather than a "jurisdictional" seizure of the sort considered and discussed in *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). The relator is a domestic corporation and none of the arcane questions raised by *Shaffer* appear in this case.

here, and in most of the applications we receive for writs of prohibition even though it has been settled for years that in prohibition, the petition must unequivocally and explicitly set forth every fact requisite to the issuance of the writ, *State ex rel. Brncic v. Huck,* 296 Mo. 374, 381, 246 S.W. 303, 305[1] (banc 1922), conclusory allegations must be disregarded, *State ex rel. Fechtling v. Rose,* 239 Mo.App. 178, 183, 189 S.W.2d 425, 428[2] (1945), and the return may not broaden the issues set up in the petition nor bring additional issues into the case. *State ex rel. Brncic v. Huck, supra,* 296 Mo. at 381, 246 S.W.2d at 305. Moreover, our factual inquiry is limited in prohibition. The voluminous and expansive "suggestions" usually received in connection with writs are but a species of brief, and record facts cannot be supplied in a brief. *In re Jackson's Will,* 294 S.W.2d 953[1] (Mo.App.1956). Of course, the parties may consent to submit the cause as on an agreed statement of facts; if so, we are required to confine our consideration to undisputed facts and admissions against interest in the pleadings and disregard conflicting allegations. Issues of fact may be made up and heard before a master or commissioner appointed by the court, but save in habeas corpus or in cases of direct contempt, this court does not try causes on oral evidence as if it were a nisi prius court. *State ex rel. Burtrum v. Smith,* 357 Mo. 134, 144, 206 S.W.2d 558, 564[10] (banc 1947). Desirable as it may seem to some attorneys to try a case piecemeal in the court of appeals, such is not the function of the writ of prohibition.

█ It is not our purpose to lecture able counsel; it is our purpose to point out, once again, the inadequacy of the writ as compared to a petitioner's usual remedy by appeal. Here, the relator's remedy by appeal under former Rule 85.40 was manifestly inadequate if its funds had been unlawfully garnished on attachment, even though, in our opinion, its objection to the attachment was not subject to waiver by pleading over and going to trial, as it did. *Greenwood v. Schnake,* 396 S.W.2d 723, 725–726 (Mo.1965). For this reason, and because, as indicated, the petition strongly suggested a prejudgment seizure of relator's funds which did not satisfy the requirements of procedural due process, our preliminary writ issued. However, the petition was answered by traverse and in avoidance and the reply was in effect a general denial. Therefore, under the law as laid down in *State ex rel. Burtrum v. Smith, supra,* 357 Mo. at 144, 206 S.W.2d at 564, few, if any, uncontroverted *facts* remain in the record for submission; certainly the uncontroverted factual allegations are insufficient to permit consideration of any issue of constitutional dimension, and if the parties intended to submit only issues of law, as was the case in *State ex rel. Dunphy v. Eversole,* 339 S.W.2d 506, 507[1] (Mo.App. 1960), they have not succeeded. The reply traverses every allegation of the return, in effect denying the veracity of the record entries supplied by and pleaded in the return. We can look only to the sheriff's return to the writ of attachment to determine whether there is an absence of jurisdiction or an act wholly in excess of the trial court's jurisdiction. See *State ex rel. Bowling Green Trust Co. v. Barnett,* 245 Mo. 99, 115, 149 S.W. 311, 315[4] (banc 1912).

The writ of attachment issued in the form prescribed by our Supreme Court. The return to the writ reads literally as follows:

"I hereby certify that I have executed the within writ in the County of Greene, State of Missouri, on the 22d day of November, 1976, by delivering a true copy as furnished by the Court to Asst. Vice President James R. Chalfant at the Commerce Bank and by taking possession of a Cashiers Check # 698893 payable to the 'Clerk of Circuit Court, Greene County' in the amount of $4,500 (Four Thousand Five Hundred Dollars and No cents.) The Cashiers Check in the above amount forewarded [sic] to the Circuit Clerk together with this return."

█ Rule 90.01 provides that garnishment may be had in aid of execution *or* attachment; indeed, the printed form pres-

ently in use for commencement of an action by attachment contains an express command ". . . to summon as garnishees all persons in whose hands or possession any personal property, rights, credits, evidences of debt, effects or money of said defendant may be . . .". And, of course, Rule 90.06 provides that any garnishee may discharge himself by paying or delivering the amount claimed and held by him to the sheriff. *Hilke v. Bank of Washington,* 251 S.W.2d 963, 965 (Mo.App.1952). Here, obviously, the garnishee bank sought to discharge itself by paying over the amount sued for, and it was entitled to do so.

What we are concerned with in this case is the sufficiency of service to confer jurisdiction on the trial court. As this court observed in *Fulkerson v. Laird,* 421 S.W.2d 523, 526 (Mo.App.1967), garnishment is a purely statutory proceeding in derogation of the common law and strict compliance with all requirements imposed by our Civil Rules is essential to confer and support jurisdiction over the *res,* which can be conferred neither by waiver nor consent. *Fulkerson v. Laird,* supra, 421 S.W.2d at 526; *Blackburn Motor Co. v. Benjamin Motor Co.,* 340 S.W.2d 155, 159–160[3] (Mo. App.1960); *Federal Truck Co. of St. Louis v. Mayer,* 216 Mo.App. 443, 450, 270 S.W. 407, 409[1] (1925). Moreover, no act of the garnishee can operate to deprive the defendant of his right to insist upon strict compliance with the rules; if the garnishee is not properly served, nothing is attached in his hands. *Gates v. Tusten,* 89 Mo. 13, 21–22, 14 S.W. 827, 829 (1886); *Blackburn Motor Co. v. Benjamin Motor Co.,* supra, 340 S.W.2d at 159–160[3]; *Trinidad Asphalt Mfg. Co. v. Standard Oil Co.,* 214 Mo.App. 115, 123, 258 S.W. 64, 66–67[5] (1924).

■ The return shows on its face that it was served on a banking corporation. The governing civil rule, Rule 90.04, requires that: (our emphasis)

> "[N]otice of garnishment . . . be served on a corporation, in writing, by delivering such notice, . . . to the *president, secretary, treasurer, cashier,* or *other chief or managing officer* of such corporation . . .".

Can it be said that service upon an *assistant* vice-president of a bank may be taken as service within the meaning of Rule 90.-04? We think not. In *Smith v. Bennett,* 472 S.W.2d 623, 627[1] (Mo.App.1971), this court held the quoted part of Rule 90.04 contemplated a duly constituted executive officer whose authority and powers are such that he is regularly in control of the operations and business of the corporation. Assuming arguendo that there are orders of vice-presidents who might fall in that category, as much cannot be said of *assistant* vice-presidents. As a title-modifying adjective, it has consistently been held that the word "assistant" carries the idea of subordination to another; implies duties that ordinarily are circumscribed and are performed in connection with and under the direction of the superior official. See: *State ex rel. Dunn v. Ayers,* 112 Mont. 120, 113 P.2d 785, 788[3] (1941); 7 C.J.S. Assistant p. 15 (1937). A case colorably in point is *Florida First Nat. Bank v. Dent,* 350 So.2d 481, 483[2, 3] (Fla.App.1977). In that case, the Florida court had to consider whether a lease executed by the plaintiff bank was valid under a statute requiring the signature of the bank's " 'president or any vice-president or chief executive officer.' " A majority of the court held that an assistant vice-president was not a vice-president whose authority to execute a lease could be presumed. Rule 90.04 does not enumerate vice-presidents as officers upon whom service of garnishment may be had; we conclude that service upon Mr. Chalfant, as an assistant vice-president, cannot be taken as service upon a duly constituted executive officer whose authority and powers are such that he is regularly in control of the operations and business of the bank. In this respect, the return is clearly insufficient to confer jurisdiction of the res upon the trial court.

■ There is an additional, necessary requirement which was not complied with here. Whether the relator's bank account was attached (by garnishment) under Rule 85.21(d), as inaccessible "goods . . . chattels, money or [other] evidences of

debt," or under Rule 85.21(e), as "credits," a declaration or announcement of sequestration was required. *Howell v. Sherwood,* 213 Mo. 565, 576, 112 S.W. 50, 52–53[1] (1908); *Fulkerson v. Laird,* supra, 421 S.W.2d at 526. The return does not even recite an "attachment in [the garnishee's] hands," which would more nearly, but not quite, reflect compliance. See *Hopkins v. Henson,* 205 Mo.App. 384, 387–389, 224 S.W. 119–120[1] (1920). Manifestly, for the two reasons stated, the Circuit Court of Greene County never obtained jurisdiction over the property—here a cashier's check—which was garnished, taken in possession and deposited in the registry of the court.

█ Such ruling does not dispose of the cause. In prohibition, we are authorized to look beyond the record to determine whether or not the cause is moot. *State ex rel. Donnell v. Searcy,* 347 Mo. 1052, 1059, 152 S.W.2d 8, 10[2] (banc 1941); *State ex rel. Thompson v. Simmons,* 499 S.W.2d 819, 820[1] (Mo.App.1973). To our considerable chagrin we find that the cause out of which this action arose has been tried upon the merits, an appeal has been taken, and the record on appeal, as yet undocketed, has been lodged here. We have looked to this record, not to determine any facts pertaining to the merits of the action, but to determine whether or not our ruling would be an empty formality. If the relief sought would be ineffectual because there is no longer any actual controversy, then of course, our preliminary writ should be quashed. *State ex rel. Donnell v. Searcy,* supra, 347 Mo. at 1059, 152 S.W.2d at 10[4]; *State ex rel. Myers v. Shinnick,* 19 S.W.2d 676, 678–679[4] (Mo.1929).

█ We find that the cause has been partially tried or disposed of on its merits, but we find no disregard of our preliminary writ. The order which issued was far too broad—"to refrain from further action in the premises"—because it included matters obviously within the trial court's jurisdiction. See *State ex rel. Lane v. Pankey,* 359 Mo. 118, 122, 221 S.W.2d 195, 197[7] (banc 1949). The respondent, to whom the cause had come upon disqualification of the original trial judge, quite properly regarded our preliminary writ as running only to the attachment. The underlying action—an action to recover the purchase price of a used truck—was promptly and expeditiously tried on the merits. It appears from record proceedings preliminary to the trial that the relator (defendant) bought a used truck and gave its check in payment; the truck did not operate satisfactorily, and relator stopped payment upon its check. Plaintiffs—one Howard Worthey and others—thereupon commenced their action for the purchase price by garnishment in aid of attachment.

Prior to trial, relator filed a counterclaim. The trial court generally found the issues tendered against the plaintiffs and in favor of relator, dissolved the attachment and entered judgment for the relator upon relator's counterclaim. However, with respect to the garnished funds—the $4,500 cashier's check—the trial court entered the following order:

". . . In regard to the attachment being dissolved *the Circuit Clerk is directed to pay the funds which were attached to Commerce Bank for the specific purpose of releasing the lien listed on the title to the 1969 Ford truck which was the subject matter of this lawsuit.* In the event there are funds left over after paying off the indebtedness to release the lien as aforementioned, the Circuit Clerk is directed to pay such left over sum to [relator]." (our emphasis).

We understand, through direct inquiry, that the appeal in Cause No. 82676–3 in the Circuit Court of Greene County—the cause out of which this action arose—has been taken as a supersedeas. Such is the correct view of the record, at least, because part of the relator's counterclaim has not been passed upon, the judgment appealed from is appealable only because it was so designated by the trial court, and since execution cannot be had, there is now nothing to be superseded by a supersedeas bond. See: *State ex rel. Patton v. Gates,* 143 Mo. 63, 68–69, 44 S.W. 739, 741 (1898); *Seiter v. Tinsley,* 503 S.W.2d 38, 39 (Mo.App.1973).

■ With deference to the trial judge, for whom we have only the highest respect, the quoted part of the judgment cannot stand. In the first place, it does not appear that the Commerce Bank ever sought to intervene either as garnishee or lienor. In fact, the bank as garnishee prudently exonerated itself by paying the entire amount sued for into court at once. Rule 90.07; *Aach v. Pippart,* 261 S.W. 929, 930[2] (Mo. App.1924). Such payment could not, however, affect the rights of third parties, which might well have attached prior to the time the bank's lien attached, if it did. *Gates v. Tusten,* supra, 89 Mo. at 21–22, 14 S.W. at 829.

Such considerations are not essential, or even necessary, we suppose, to our decision, even though the garnishment of a bank account without prior *or* contemporaneous notice to the depositor and without participation of any judicial officer has concerned this court. Our ruling and order are based on the premise that the trial court, in ordering the attached res delivered to the garnishee, has clearly exceeded its jurisdiction.

Rule 85.38, as it read when this case was tried, provided that:

"[W]hen the defendant is summoned to appear, or shall appear voluntarily, . . the like proceedings shall be had between him and the plaintiff as in ordinary actions commenced by summons, and a *general* judgment [emphasis ours] may be rendered for or against the defendant."

■ Except for immaterial omitted provisions now questionable in light of *Shaffer v. Heitner,* supra, n. 1, this rule encoded the law just as it had existed since 1855. Defendant's general appearance, sometimes involuntary or inadvertent, conferred jurisdiction upon the court to render an in personam judgment, but if the attachment was wrongful or ineffective, such appearance conferred no jurisdiction to render a special judgment against the attached res. *State ex rel. and to Use of Fenn v. Conran,* 212 S.W. 869, 870[1] (Mo.1919); *Lubrication Engineers, Inc. v. Parkinson,* 341 S.W.2d 876, 877–878[4, 5] and authorities cited n. 6 (Mo. App.1961). In the case at hand, the attach-

ment by garnishment was wholly ineffective. The relator did undoubtedly appear, but by no stretch of the judicial imagination can it be said that its appearance amounted to a waiver of its objections to the garnishment. So, the court was authorized to enter a general judgment for or against the defendant, but not a *special* judgment against the res attached, and it follows that the order directing pro tanto payment of the cashier's check to the Commerce Bank was void, subject to prohibition, and the cause is not moot.

■ The writ of prohibition may run to undo that which has been done when the court is acting in excess of its jurisdiction and something further remains to be done pursuant thereto. *State ex rel. Siegel v. Strother,* 365 Mo. 861, 289 S.W.2d 73, 79[11] (banc 1956); *State ex rel. Ellis v. Creech,* 364 Mo. 92, 96–97, 259 S.W.2d 372, 375[5, 6] (banc 1953); *State ex rel. Home Owners' Loan Corp. v. Bird,* 232 Mo.App. 652, 654–655, 110 S.W.2d 386, 388[5] (1937). The attachment has been dissolved, and presumably the plaintiffs and their sureties have been discharged from liability on their bond. Inasmuch as the trial court found for the relator, we suppose the entry of such judgment was proper and necessary to a final disposition on the merits. Nevertheless, because the judgment is not final and therefore not subject to execution, the res remains in the hands of the Circuit Clerk, or "in the registry of the court."

Having determined that the garnishment in aid of attachment was insufficient to confer jurisdiction of the res upon the Circuit Court of Greene County, and having further ascertained that the order purporting to disburse the funds garnished is beyond the court's jurisdiction, and having determined that the funds garnished are in control of the nisi prius court, it is therefore ordered in aid of and to effect the purpose of an absolute writ, all in conformity with Rule 97.05, that: (1) the Circuit Court of Greene County be, and is hereby, absolutely prohibited from enforcement of so much of its judgment of October 6, 1977, as purports to order payment of the garnished funds to

the Commerce Bank of Springfield, Missouri; (2) the Circuit Court of Greene County, upon receipt of the mandate of this court, shall forthwith pay the sum garnished, or any moneys representing the sum garnished from relator's bank account directly to the relator, all without the assessment of any fees or costs against the relator; and (3) the costs of this action shall be taxed against the relator, but shall not be levied out of the sum garnished.

BILLINGS, P. J., and MAUS, J., concur.